DAVIS COUNTY v. HORN.

Where easy access to a higher court is afforded by appeal, such court should in the exercise of a sound discretion, refuse the common law writ of certiorari.

A party in no way effected by the proceeding and a stranger to the record, not entitled to an appeal, nor to a writ of certiorari.

### Error to Davis District Court.

*Opinion by* GREENE, J.   In July, 1849, the commissioners of Davis county allowed the school-fund commissioner a sum stated, for his services, to be paid out of the school fund.   To correct this proceeding, Hosea B. Horn, a third party in no way connected with the proceeding, sued out a writ of *certiorari* and had the case certified to the district court, where the decision, so far as it affected the school fund, was reversed.   The question is raised : Was the writ of *certiorari* authorized?

We agree with the court below, that the district courts may at common law issue writs of *certiorari* to have the proceedings of inferior tribunals certified before them, in order to revise and correct those proceedings when found illegal.   But this writ should not be issued when the right of appeal exists, unless there has been a usurpation of power in the denial of that right.   *Comstock* v. *Porter*, 5 Wend., 98; *Wood* v. *Randall*, 5 Hill, 264.   Our district courts have jurisdiction in all civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law.   Const., Art. 564.   They are invested with all the attributes of common law tribunals, to the same extent as the King's Bench, Common Pleas, and Exchequer courts of Westminster ; but the manner of exercising this jurisdiction may be modified by statute.   Where easy access to a higher tribunal is afforded by appeal, a

court should, in the exercise of a sound discretion, refuse the common law writ of *certiorari*.

But in the present case, Horn not having been a party to the record before the commissioners' court, he was not entitled to an appeal, nor does it follow that he was entitled the writ of *certiorari*. He was a stranger to the record, and appears to have been in no way affected by the proceedings. He appears to have had no agency over a connection with the school fund. By what legal authority, then, could he come in and object to the proceedings before the commissioners, in relation to that fund? The superintendent of public instruction might, perhaps, have applied for this writ with some show of authority, and could, with propriety, object to the illegal appropriation of the school fund; but clearly a person in no way affected by, or connected with the transaction, could not.

Judgment reversed.

*A. Hall* and *D. P. Palmer*, for plaintiff in error.