## H. L. DOUSMAN *vs.* CITY OF ST. PAUL.

### February 10, 1876.

City of St. Paul—Assessments for Local Improvements—Certiorari to City Officers—The charter of the city of St. Paul, in the provisions regulating assessments for local improvements, prescribes the various things to be done by the common council and by the board of public works to perfect such assessments, and that, after the assessment for any improvement shall be perfected by confirmation, a warrant for its collection shall be issued to the city treasurer, and that he shall, within thirty days, report any warrant not paid to the district or common pleas court, at any general or special term, and ask judgment against the several lots and parcels of lands described in the warrant for the amount of the assessment, interest, and costs due thereon ; that notice of such application shall be given ; that each report shall constitute a separate proceeding or suit; and that each owner may file objections in writing to the recovery of judgment against his property. *Held,* that a writ of *certiorari* will not issue to the clerks of the council and board of public works, to bring here the records of those bodies, to determine their validity, the statute having appointed a different proceeding and tribunal for such purpose; and that it makes no difference that the owner has, without his fault, lost his opportunity to make his defence in the court below.

Petition for a writ of *certiorari* to review proceedings wherein judgment had been rendered against certain real estate of the petitioner, in the city of St. Paul, for the amount of an assessment for a local improvement. The petition sets forth various alleged errors in the proceedings, and also that the petitioner, being a non-resident, had no notice or knowledge of the proceedings until after judgment rendered.

*Harvey Officer*, for petitioner.

*W. A. Gorman*, for respondent.

GILFILLAN, C. J.   The charter of the city of St. Paul, in the provisions regulating assessments for local improvements, prescribes the various things to be done by the common council and by the board of public works to perfect such assessments, and that, after the assessment for any improvement shall be perfected by confirmation, a warrant for the collection thereof shall be issued to the city treasurer, and that he shall, within thirty days, report any warrant not paid to the district or common pleas court, at any general or special term, and ask judgment against the several lots and parcels of land described in the warrant for the amount of assessment, interest, and costs due thereon; that notice of such application shall be given; that each report shall constitute a separate proceeding or suit; and that each owner may file objections in writing to the recovery of judgment against his property.

A warrant for collecting the assessment for grading Hoffman avenue was reported to the court of common pleas; the proper notice was given, an application for judgment made, and judgment rendered for the assessment against property of this relator upon his default to file objections to the same.   He now applies to this court, on an order to show cause, for a writ or writs of *certiorari*, to be directed to the court of common pleas, to the clerk of the board of public works, and to the city clerk, to bring before this court the judgment and record of said court, and the records of the proceedings of the common council and board of public works, in the matter of said assessment.

It is admitted that the proceedings of the court of common pleas were regular, and that, so far as its record discloses, the city was entitled to the judgment; but it is claimed that, in the proceedings of the council and board of public works prior to the issuance of the warrant for collection, there occurred irregularities such as to oust their jurisdiction, and make their proceedings void; and the object sought to be accomplished by the writ or writs asked for is to make such irregularities appear to this court, by the records of those bodies, so that this court may quash their proceedings and the judgment of the court below.

The case does not require us to determine when this court will, in general, review upon *certiorari* the proceedings of corporations and municipal boards. Under this charter the proceedings of the council and board of public works, and the assessment which is the result of those proceedings, cannot be enforced until their validity is determined by the court below. The proceeding in that court is in the nature of a suit against the property to enforce payment of the amount assessed upon it, in which the owner may avail himself, as a defence, of any irregularity in the proceedings of those bodies in matters which the charter makes essential to the validity of those proceedings. The question presented by this case is : Can this court, after a judgment against the property in such cases, extend its power of review beyond the proceedings in the court below, and bring here the records of the council and board, to ascertain whether an owner had a defence which, if he had interposed it in the court below, would have prevented a judgment against the property there?

The writ of *certiorari* was never used for such a purpose, nor in such a case. Certainly we could not, before judgment in the court below, issue the writ to ascertain the validity of the proceedings of the council and board, for the statute appoints a different proceeding and a different tribunal to determine such validity. Upon judgment there

a writ of *certiorari* (where no appeal or writ of error is allowed) will issue to bring the record of that court here for review; but on such writ we·could review, not a case which might have been presented, but that which actually was presented, to that court.

But it is insisted that where the owner has, without any fault on his part, lost his opportunity to make his defence in the court below—where, as in this case, he had no actual notice or personal knowledge of the application for judgment until after the judgment was entered, and the court rendering it has no power to open it and let the owner in to make his defence—the writ of *certiorari* ought to issue to bring into this court, not only the judgment and record of the court below, but the case (so far as the records of the council and board of public works will show it) which he might have presented to that court had he known of the application in time.

This would remove the proceeding in the court below to this court for the purpose of giving to the relator a trial here, because he, without his fault, lost it below. So far as we went beyond the record of the court below, it would be in the nature of an original, and not in the nature of an appellate proceeding. No reason can be presented for doing this in favor of an owner in these assessment proceedings which would not be just as sound in favor of a defendant in any other suit who has, without his own fault, lost his opportunity to make a defence in the court below, or which could not, with just as much force, be urged in favor of relieving a party who· has, without any fault, been prevented from bringing an appeal within the time prescribed by law.

Application for writ denied.