# CHARLESTOWN.

## CHAPMAN'S ADMR. *v.* ROBINSON'S ADMR. ET AL.

### October 31, 1876.

1876.
August Term.

A case reversed and remanded to the circuit court, with instructions to ascertain material facts before a decree is to be entered.

Appeal from a decree of the circuit court of Wirt county rendered at the spring term, 1874, of said court, in a cause pending therein, in chancery, wherein J. G. Schilling, trustee and administrator of H. D. Chapman, deceased, was complainant, and James Robinson's Administrator and others were defendants. Appeal granted on the petition of Jordan McMillan, one of said defendants.

The facts are fully set forth in the opinion of the Court.

Hon. James M. Jackson, Judge of said circuit court presided at the hearing below.

*Okey Johnson* for appellant.

*D. H. Leonard* for appellee.

EDMISTON, JUDGE :

H. D. Chapman sold, in 1865, a tract of land, to Robinson and others, called the "Ervin Farm" to contain 2,209 acres at the price of three dollars per acre. The sum of $3,255 was paid in hand, and for the residue of the purchase money, Robinson executed his bond. Jor-

1876.
August Term.

Chapman's
Admr.
v.
Robinson's
Admr.

dan McMillan, the appellant, became the owner of the land, by sundry conveyances, and became liable to pay the balance due on said purchase. Failing to pay, a suit in chancery was instituted to subject the land to the payment thereof. McMillan claims that the deed made by Chapman, did not cover all the land sold, and that it embraced lands, to which Chapman had no title, and, also, that he had made large payments to Chapman on the debt in suit. Surveys were ordered and several were made, with reports, by the surveyors. In these surveys there are great discrepancies, both as to boundary, and quantity of land. All the surveys show a deficiency in the number of acres the tract was to contain. Surveyor Rogers shows that there were 2,502 acres, while Lynch estimates it at 2,769 acres. In a deposition given by Rogers, he testifies that he has calculated the number of acres, that the lines, as run by Lynch, would contain, and that it makes 2,415 acres. This was a sale by the acre, and it is, therefore, essential that it should be clearly ascertained how many acres were in the tract, before it can be ascertained what sum is to be decreed against McMillan, and charged upon the land.

There is moreover, a dispute as to the true boundaries of the "Ervin farm."

It appears, from the testimony of Surveyor Lynch, that he made the survey and plat, by which the land was sold to Robinson, and that, at the southern boundary (as I take it) of the "Ervin Farm," the said Chapman directed him to survey a certain line as the line of said farm, which he did, and that the boundary of said farm was so platted, until they went to Parkersburg, when Dr. Chapman directed him to draw a protracted line from a chestnut oak to a maple, which he did, thus enlarging the boundary of the said farm 295 acres. The first line, pointed out to Lynch as the line, and the one he surveyed as the boundary of the "Ervin Farm," is designated, on the plat, made by Lynch, as a "dotted

1876.
August Term.

Chapman's
Admr.
v.
Robinson's
Admr.

line." This alteration in the survey increases the number of acres in said farm 295.

It is manifest from the testimony, that this forms no part of the "Ervin Farm," and should not have been included in the deed; because the sale and purchase was of that farm and nothing more. It is, however, claimed that this 295 acres forms a part of what is called "The Clover tract" purchased by McMillan of Chapman before that time. But it is equally clear that this boundary is not embraced by the calls of Chapman's deed to McMillan for the Clover tract. Whether it was intended to be, or ought to have been, I mean to express no opinion, as that matter is not before this Court. If it was intended to be, or ought to have been, then this piece of land was already the property of McMillan. If it was not so, it remained the property of Dr. Chapman unsold, as it was no part of the "Ervin Farm."

If the said McMillan desires, or elects to have an abatement for this price of this 295 acres, he must execute a deed, conveying his interest therein, to the heirs, assignees of H. D. Chapman, on doing which, he will be entitled to such abatement.

The court should have directed a reference to ascertain to what credits the said McMillan was entitled on the said debt.

The court having rendered a decree for the whole amount claimed by the plaintiff, making no abatement for deficiency in quantity of land, or other cause, and that too, on such an uncertain and unsatisfactory state of facts, I am of the opinion, the decree must be reversed, with costs to the appellant to be paid out of the assets in the hands of the personal representative of H. D. Chapman, deceased, unadministered.

And this cause is remanded to the circuit court of Wirt county, with instructions to refer the case to a commissioner to ascertain the true boundaries of the "Ervin Farm," and the number of acres therein contained, and

also, to ascertain what payments the said McMillan has made on the said debt, if any.

And that said court proceed with the cause, according to the principles herein prescribed, and the rules of law and equity.

Which is ordered to be certified to the circuit court of Wirt county.

The other Judges concurred.

CAUSE REMANDED.