### H. L. Dousman *vs.* City of St. Paul.

March 20, 1877.

*Assessments for Local Improvements in St. Paul—Effect of Judgments Therefor.—* The judgments rendered by the district court for Ramsey county, under provisions of the charter of the city of St. Paul, relating to local improvements and special assessments therefor, found in Sp. Laws 1874, c. 1, subc. 7, as

amended by Sp. Laws 1875, *c.* 1, stand upon the footing of ordinary judgments of the district courts, with such distinctions as are created by statute. If not reviewable upon appeal or writ of error, they may be reviewed upon *certiorari*, under the general appellate jurisdiction of this court. When it appears that the district court has jurisdiction of the subject-matter of special assessments, and that, by the constructive notice prescribed by law, it has acquired jurisdiction of the person against whose land a special assessment is made, its judgment is valid.

Same—When Defence must be Interposed.—Any defence which the land-owner has against the assessment, on account of errors and irregularities in making the same, or in the proceeding upon which it is based, must be interposed by filing objections, as permitted by the charter, in the district court.

Same—Non-residence and Want of Knowledge on part of Land-owner Held not to Excuse Failure to Make Defence.—Failure seasonably to file such objections is not excused by a state of facts such as is set up in this case, to wit: that, except that the land-owner was temporarily in the city of St. Paul at the time when the petition for the local improvement to which the assessment relates was presented to the common council, he has, during the whole time from the inception of the proceedings respecting such local improvement and assessment to the commencement of this his action for relief, been a non-resident of this state, and absent therefrom; and that he had no notice or knowledge of any of said proceedings subsequent to the reference of said petition by the common council to the board of public works, until long after the entry of the judgment upon the special assessment against his property, except such implied notice of the application for judgment as may have been given by publication; and that the city was guilty of unreasonable and unnecessary delay in making the assessment, the improvement having been ordered November 20, 1872, and the assessment made February 12, 1875. Such a state of facts does not authorize the interposition of a court of equity to vacate the judgment, and enjoin its enforcement, on the ground that the assessment, and the proceedings upon which it is based, were not in accordance with the provisions of the city charter.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint.

*H. J. Horn* and *W. P. Murray*, for appellant.

*Harvey Officer*, for respondent.

BERRY, J. This action is brought for the purpose of vacating a judgment rendered by the district court for Ramsey county, under sundry provisions of the charter of the city of St. Paul, relating to local improvements and special assessments therefor.

These provisions are found in Sp. Laws 1874, *c.* 1, *subc.* 7, as amended by Sp. Laws 1875, *c.* 1.   Sections 31 and 32 of said subchapter provide for the issue of warrants for the collection of special assessments, and their delivery to the city treasurer ; such warrants to contain a copy of the confirmed assessment roll, or so much thereof as describes the real estate and the amount of the assessment in each case. Section 33 requires the city treasurer to give notice, by publication, that the warrant is in his hands.   Section 36 makes it the duty of the city treasurer, at the expiration of a prescribed time, to report " to the district court or the court of common pleas of Ramsey county, at any general or special term thereof, all assessment warrants for the collection of any assessment, under the provisions of this chapter which have been delivered to him, and then and there ask for judgment against the several lots and parcels of land described in such warrants, for the amount of these assessments, interest, and costs respectively due thereon. The city treasurer shall previously give at least ten days' notice, by three publications in the official paper of said city, of his intended application for judgment, which notice shall briefly specify the respective warrants upon which such application is to be made, and a description of the property against which judgment is desired, and require all persons interested to attend at said term ; said period of giving notice shall begin from the first publication of said notice. Said treasurer shall also give six days' personal notice to the same effect to all property-holders interested, or their agents resident in the city of St. Paul, if known to the said treasurer, and found ; but the failure to give such personal notice shall in no wise affect the validity of the judgment applied for, or of any of the proceedings.   The advertisement so published shall be deemed and taken to be sufficient and legal notice of the aforesaid and intended application by the city treasurer to such court for judgment, and shall

be held a sufficient demand and refusal to pay the said assessment."

Section 37 requires the city treasurer to procure and file with the clerk of said court, and with his reports of assessment warrants, a copy of the advertisement, with printed affidavits of publications.

By section 38 the clerk of said court is required to receive and preserve said reports of the city treasurer, and to annex thereto all judgments, orders, and other proceedings of the court in relation thereto; and it is further provided that each of said reports shall be docketed as such, and that the judgment rendered therein shall also be docketed.

Section 39 makes it the duty of the court, upon the filing of said reports, to proceed immediately to the hearing of the same, and gives them priority over all other causes pending therein.

Section 54 provides that "the reports of the city treasurer, and assessment warrants held by him, referred to in section 36, shall be *prima facie* evidence that the proceedings, up to the date of such warrants, were valid and regular."

Section 39 further provides that the court "shall pronounce judgment against the several lots and parcels of land described in said reports, for which no objection shall be filed, for the amount of the assessment, interest, damages, and costs due severally thereon," and that "the owner of any property described in the reports, or any person beneficially interested therein, may appear at the court, at the time designated in the city treasurer's notice, and file objections in writing to the recovery of judgment against such property." The court is to hear and determine all objections in a summary manner, without pleadings, dispose of them with as little delay as possible, and render judgment accordingly. Upon the rendition of judgment, whether upon default or otherwise, an order of sale is to be entered, (§ 40,) and, within twenty days, the clerk of the court is

required (§ 41) to "make out, under the seal of the court," a copy of certain papers in his office, "which shall constitute the process on which all lands, lots, etc., shall be sold for the amount of any assessment, interest, damages, and costs so levied, assessed, or charged upon them," and the city treasurer is thereupon authorized (§ 46) to make sale of such lands or lots, upon a prescribed notice by publication, and to "make return of his precept to the court from which the same was issued."

From these provisions of the charter it is evident that the judgments therein provided for are judgments of the district court. As such, they stand upon the footing of ordinary judgments of the district court, with such distinctions (none of which are important in this case) as are created by statute. If not reviewable upon appeal or writ of error, they may be reviewed upon *certiorari*, under the general appellate jurisdiction of this court. *Rogers* v. *City of St. Paul*, 22 Minn. 494.

In the case at bar the complaint shows that a special assessment, made upon the property of the plaintiff, was confirmed, and a warrant for the collection of the same issued and delivered to the city treasurer; that the assessment was not paid; that the treasurer, "after due publication of his notice of such application," applied to the district court for a judgment against the plaintiff's lands for the amount of the assessment against the same, with interest and costs; and that judgment was accordingly rendered, entered, and docketed in said court, upon such application, in favor of the city of St. Paul, and against the plaintiff's said lands, to the amount of the assessment, interest, and costs, to wit, for the sum of $834.60.

From the charter provisions before quoted, and from these allegations of the complaint, it appears that the district court (a court of general jurisdiction) had jurisdiction of the subject-matter of special assessments like that involved in this case, and that it had acquired jurisdiction

of the plaintiff through the constructive notice provided by law. The judgment is, therefore, valid.

But the plaintiff claims that the proceedings prior to the delivery of the warrant to the treasurer were invalid, because not in accordance with the provisions of defendant's charter. If this claim of the plaintiff be well founded, it does not affect the validity of the judgment. Any defence which the plaintiff had against the assessment, on account of the errors and irregularities of which he complains, should have been interposed by filing objections (as the charter permits) in the district court.

But, in excuse for his failure seasonably to file objections, the plaintiff alleges that, except that he was temporarily in the city of St. Paul at the time when the petition for the local improvement to which the assessment relates was presented to the common council, (in which petition he joined by signing the same,) he has, during the whole time from the inception of the proceedings respecting such local improvements and assessment to the commencement of this action, been a non-resident of this state, and absent therefrom; and that he had no notice or knowledge of any of said proceedings subsequent to the reference of said petition by the common council to the board of public works, until long after the entry of the judgment aforesaid, "except such implied notice" of the application for judgment as may have been given by publication. The plaintiff claims that, by reason of his want of any notice or knowledge of the defects and errors of the proceedings prior to the issuance of the warrant to the city treasurer, he could not have interposed objections on their account to the application for judgment, even if he had been advised of such application. The plaintiff alleges and claims that the defendant was guilty of great laches, and unreasonable and unnecessary delay in making the assessment, the improvement having been ordered November 20, 1872, and the assessment made February 12, 1875.

Upon these grounds the plaintiff asks that the judgment may be vacated, and that an injunction may issue to restrain any sale thereunder. While the plaintiff's showing—which embraces other facts to which we have not referred— presents a case of considerable hardship, we perceive no ground upon which the relief asked can be afforded. The judgment was, as we have before seen, the judgment of a court having jurisdiction of the subject-matter of the proceedings, and complete jurisdiction of the plaintiff, so far as respects his property in the lands against which the judgment runs. That jurisdiction of the plaintiff was acquired by constructive notice, without actual notice, is of no moment. The law authorizes constructive notice, and makes it sufficient. That the notice did not in fact reach the plaintiff, and, in consequence, he has lost his opportunity to defend, is a contingency which the law may be presumed to have contemplated as not impossible when it provided that constructive notice should be sufficient; but there is no reason whatever for supposing that it was to affect the validity of the judgment. In cases of this kind, as in very many others, constructive notice answers all the purposes of actual notice. That the plaintiff failed to receive actual notice, on account of his non-residence or absence from the state, or because, on account of the defendant's long delay, he was not expecting it, is not important. It is enough that the notice was given which the law required. The unfortunate consequences which would result from any other doctrine, as applicable to proceedings necessarily and usually summary in their nature, need not be particularly pointed out. This is not a case in which there is any fraud, mistake, surprise, or accident in any proper legal sense  No reason can be given **for** granting the relief asked by the plaintiff in this case, which—as remarked in *Dousman* v. *City of St. Paul*, 22 Minn. 387, in speaking of an analogous matter — would not be just as sound in favor of a defendant in any other suit,

who has, without his own fault, lost his opportunity to make a defence in the court below, or which could not, with just as much force, be urged in favor of relieving a party who has, without any fault, been prevented from bringing an appeal within the time prescribed by law.

Order reversed.