THE INDEPENDENT SCHOOL DISTRICT OF ASBURY v. THE DIS-
TRICT COURT FOR DUBUQUE COUNTY.

1. **School District:** APPORTIONMENT OF JUDGMENT: CERTIORARI.    Where
an action was instituted upon a school order of a district township
which had been subsequently reorganized into independent districts,
the District Court had jurisdiction to render judgment thereon
against the several independent districts, and to issue a *mandamus*
commanding the directors to assemble and apportion the amount of
the judgment among the several judgment debtors.    *Certiorari* would
not lie to the District Court upon the ground that it had exceeded its
jurisdiction.

WEDNESDAY, APRIL 17.

THIS is a petition for a writ of *certiorari* to the Dubuque District Court, in which it is alleged the said court has exceeded its jurisdiction, and ordered that to be done for which there is no authority in law.

The facts averred in the petition are in substance as follows: Henry Kennedy was the holder of a certain school order issued by the district township of Julien, November 8, 1873. After the issuance of the order the district township of Julien, under the provisions of the statute, was reorganized into the following independent districts, to-wit: Derby-Grange, Stone Hill, Oakville, Wilton, Julien, Jefferson and Asbury. The indebtedness evidenced by said order was not apportioned among said independent districts by the old board of directors of the district township of Julien, as prescribed by law. An action was brought upon said order by said Henry Kennedy in said District Court against all of the said independent districts, and a joint judgment was rendered against them for the amount due on said order, and for costs; and it was ordered and decreed that if an execution should be returned unsatisfied, then the writ of mandamus should issue commanding each of the said independent districts, through their proper officers and directors, to assemble together and apportion among themselves the amount that each should pay in satisfaction of said judgment; and that after said apportionment the said officers should certify the same to the board of supervisors in order that said board might levy the same against said districts according to said apportionment, and that said money when collected and paid over by the county treasurer should be applied in satisfaction of said judgment.

The writ of mandamus was issued, and in obedience thereto the individuals therein named as directors met and voted for an apportionment of said judgment. The secretaries

of the boards of directors of said districts, excepting that of Asbury, signed the certificate to the board of supervisors, requesting that said tax be levied in pursuance of the apportionment upon the said independent districts respectively.

The secretary of the said district of Asbury having failed to sign the certificate as directed by the writ of mandamus, the District Court ordered that N. W. Boyes be appointed to sign the name of said secretary, which was accordingly done.

The board of supervisors, in accordance with said certificate, levied a tax upon the said independent districts in amount sufficient to pay said judgment, interest and costs. The apportionment made by the boards of directors required the district of Asbury to pay $779.64, and the other districts to pay $20 each, excepting the district of Jefferson, as to which the action was before that time dismissed.

It is prayed that the judgment and decree in said action, and the said writ of mandamus, and the levy of said tax, be annulled and vacated.

*M. H. Beach,* for the plaintiff.

*Fouke & Lyon,* for defendant.

ROTHROCK, CH. J.—The Code, § 3216, provides that "the writ of *certiorari* may be granted whenever specially authorized by law, and especially in all cases where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, when in the judgment of the superior court there is no other plain, speedy, and adequate remedy."

It was held in the case of the *Knoxville National Bank v. The Independent District of Washington,* 40 Iowa, 612, where a school order was issued by a district township for the services of a teacher in one of the sub-districts, and before its payment the several sub-districts of the township were organized into independent districts, that an action upon the order could

The Ind. School Dist. of Asbury v. The Dist. Court for Dubuque Co.

not be maintained against the independent district, composed of the same territory as went to make up the sub-district where the school was taught. It was also held in that case that each of the independent districts, embracing the territory of the original district township, was liable for the debts of the district township in proportion to the value of the property of the district to which it succeeded, and that all might be united in action as defendants.

Following that case, the District Court, in the case at bar, had jurisdiction of all of the independent districts of the township. It unquestionably had jurisdiction of the subject-matter of the action. It, therefore, did not exceed its jurisdiction in entertaining the action and rendering the judgment.

If, having jurisdiction of the action, the court erroneously ordered an apportionment of the judgment to be made among the several parties defendant, or if the apportionment actually made was unjust or oppressive upon one of the districts, by taking the proper steps therefor, such erroneous action could have been corrected in the court below, or failing in that, an appeal could have been taken to this court.

The writ of *certiorari* will not lie where there is a plain, speedy and adequate remedy by appeal. *Davis Co. v. Horn,* 4 Greene, 94; *Fagg v. Parker,* 11 Iowa, 18.

The application for the writ will be

DENIED.