# WHEELING.

RIDGWAY *v.* HINTON.

Submitted January 25, 1884.—Decided April 4, 1885.

(*SNYDER, JUDGE, Absent.)

A writ of error does not lie from a judgment of the mayor of a town imposing a fine for the violation of a town-ordinance, rendered by him while acting *ex officio* as a justice without the intervention of a jury and imposing a fine for the violation of a town-ordinance. An appeal is generally the proper mode of reviewing such judgment; but under some peculiar circumstances such a judgment might be reviewed by a writ of *certiorari ;* but under no circumstances will a writ of error lie to such a judgment.

GREEN, JUDGE, furnishes the following statement of the case:

This was a proceeding against W. C. Ridgway before the mayor of the town of Hinton to punish him for selling to N. B.

---

*Counsel in court below.

Dunn spirituous and intoxicating liquors without having a license to sell such liquors and in violation of the ordinance of said town and of law. The following is the entire record of the proceeding before said mayor, as it appeared on his docket:

" WARRANT.

" State of West Virginia :

" *To the Sergeant of the Town of Hinton, Greeting :*

" Whereas, W. T. Gitt has this day complained and made oath before me that W. C. Ridgway, in the said town, did, on the 4th day of June, 1881, sell unto N. B. Dunn spiritous and intoxicating liquors, without having license to sell such · liquors, and in violation of the ordinances of said town and of law, I command you in the name of the State of West Virginia forthwith to apprehend the said W. C. Ridgway and bring him before me to be examined for said offense.

" Witness, W. F. Benedict, mayor of the town of Hinton, this the 4th day of June, 1881.

" W. F. Benedict, *Mayor.*

" West Virginia, County of Summers :

" Before me, W. F. Benedict, mayor of the town of Hinton, on the 4th day of June, 1881, W. T. Gitt on his oath complains that W. C. Ridgway did sell unto N. B. Dunn spirituous and intoxicating liquors, in violation of law, on the 4th day of June, 1881, and asks that the said W. C. Ridgway be apprehended and held to answer to the above charge.

" Warrant issued and placed in the hands of B. Prince, returnable forthwith. Warrant returned executed. Witness present, N. B. Dunn and W. T. Gitt.

"(The above case was postponed to June 6, on petition of defendant.)

" June 6th.

" This day the above case came on to be heard. The following named witnesses were sworn and examined : N. B. Dunn and W. T. Gitt. After hearing all the testimony, I find the defendant guilty, and assess the fine at fifty dollars and costs.

" W. F. Benedict, *Mayor.*

" West Virginia, Summers County :

" I, W. F. Benedict, mayor of the town of Hinton, do

hereby certify that the above is a true copy of the record in the case of the town of Hinton vs. W. C. Ridgway, as recorded in the order book.

"Witness,     W. F. BENEDICT, *Mayor.*

"ORDINANCE.

"Be it ordained by common council of the town of Hinton that no person, without a town license therefor, shall, within the limits of the town, sell or offer for sale at wholesale or retail spirituous liquors, wine, porter, ale or beer, or any drink of like nature, and a sale and delivery of a less quantity than five gallons at any time shall be deemed a sale thereof at retail, and all mixtures or preparations thereof, known as bitters or otherwise which will produce intoxication, whether patented or not, shall be deemed spiruous liquors within the meaning of this ordinance. Any person violating this section shall for every such offence be liable to a fine of not less than one nor more that $50.00 with costs.

"The annual town tax on licenses mentioned in this ordinance shall be as follows: On every license to sell spirituous liquors and wines at retail, $25.00.

"TOWN OF HINTON, SUMMERS COUNTY, W. VA :

"I, W. F. Benedict, mayor of said town, do hereby certify that the above is a true copy of that part of the ordinance passed by the town council of Hinton in regard to the sale of spirituous liquors, &c.

"Given under my hand this 8th day of May, 1881.

"W. F. BENEDICT, *Mayor.*"

A writ of error and *supersedeas* was awarded to the judgment rendered by said mayor on June 6, 1881, imposing on W. C. Ridgway a fine of $50.00 and costs; and the following judgment thereon was rendered by said circuit court on February 17, 1882:

"The question of law raised upon the assignments of errors number one, two and three in the appellant's petition being fully argued by A. C. Snyder, James H. McGinnis and J. Speed Thompson, for the appellant, and W. W. R. Thompson and W. W. Adams, for the appellee, and being duly considered by the court, it is the opinion of the court that the said assignments of errors are not well taken. It is therefore the judgment of the court that the said assignments

of errors and each of them be and they are hereby overruled; and the court seeing no error in the judgment of the mayor of the corporation of Hinton, it is therefore adjudged that the same be affirmed. It is further adjudged that the writ of error awarded in this cause be dismissed, and the *supersedeas* granted herein be dissolved, and that the corporation of Hinton, the appellee in this cause, recover of W. C. Ridgway, the appellant, its costs about this appeal in its behalf expended, including $10.00, and that execution issue against the said W. C. Ridgway therefor, and that execution of this judgment is suspended for sixty days to allow the appellant to take an appeal therefrom."

After the rendition of the judgment during the same term the plaintiff in error by his counsel suggested a diminution of the record and filed an affidavit, which showed no diminution of the record but claimed, that he had a license to sell spirituous liquors in the town of Hinton, where he was charged with selling them without license. He filed certain papers to sustain this allegation; and on these papers he asked the court to open the cause for re-argument, but the court overruled the motion, and the plaintiff in error took a bill of exceptions. From this judgment of the circuit court of Summers rendered on February 17, 1882, W. C. Ridgway was allowed a writ of error by this Court.

*N. M. Lowery* for plaintiff in error.

No appearance for defendant in error.

GREEN, JUDGE:

The merits of this case can not be looked into by this Court, because it is obvious, that the circuit court of Summers had no jurisdiction to review the judgment of the mayor of Hinton by writ of error. By the common law if an inferior court such as the mayor of Hinton proceeds in a summary manner and not according to the course of the common law, the only mode of supervising and reviewing its action was by a writ of *certiorari*. No writ of error lay to such proceedings or to a judgment based on such proceedings at common law. (*Poe* v. *Machine Works*, 24 W. Va. 517, 520, 521.) This was a case of a judgment brought to the circuit court

by a writ of *certiorari*, and held by this Court to have been improperly brought by writ of *certiorari*, as the statute authorized an appeal in such case. (p. 522.) In *Dryden* v. *Swinburn*, 15 W. Va. 234, and in *Swinburn* v. *Smith and Dryden*, and in *Swinburn* v. *Smith and Gillison*, 15 W. Va. 483, it was decided, that the supervision of the supervisors in an election can only be exercised by a writ of *certiorari*, and that no writ of error and *supersedeas* lies in such a case. These decisions were again approved in *Dryden* v. *Swinburn*, 20 W. Va. 104. The basis of all these decisions was that, as the board of supervisors in deciding an election case proceed in a summary way prescribed by statute-law and not according to the course of common law, and the statute-law was silent as to the manner in which their decision and proceedings were to be supervised and reviewed, it could by the common law be done only by *certiorari*, and that such proceedings and decisions could not be reviewed by a writ of error.

The proceedings of the mayor in this case are those which by our statute-law are laid down as the summary mode of proceedings of justices of the peace; for in those proceedings and in the judgment he rendered he acted merely as a justice, as he was authorized to do by section thirty-nine of chapter forty-seven of our Code, (p. 332), which declares, that a mayor of a town shall be *ex officio* a justice within his town. The proceedings were those prescribed for the violation of ordinances of a town found in the Acts of 1881, page 103, chapter 8, sections 231, 232 and 233, and will appear from the record of his proceedings set out in the statement of the case summary in their charter and not according to the course of the common law, and therefore by the common law these proceedings could not be reviewed by a writ of error, nor has our statute-law authorized a review of these proceedings before a justice by a writ of error but only by appeal. Chap. 8, sec. 163, Acts 1881. The cases we have cited show, that if an appeal is authorized by statute no review of a judgment except under extraordinary circumstances can be had by writ of *certiorari*. (*Poe* v. *Machine Works*, 24 W. Va. 520.) It follows therefore that the circuit court erred in allowing a writ of error to this judgment of the mayor of Hinton, it having been rendered by an inferior tribunal, which proceeded in a

summary manner regulated by statute and not in the course of the common law.

The judgment of the circuit court of Summers county rendered on February 17, 1882, must be reversed, set aside and annulled; and the plaintiff in error must recover of the town of Hinton, the defendant in error, his costs in this Court expended; and this Court proceeding to render such judgment, as the circuit court of Summers county should have rendered, doth dismiss the writ of error awarded by the circuit court of Summers county to the judgment of said mayor of Hinton as improvidently awarded, and doth adjudge that the town of Hinton doth recover of W. C. Ridgway its costs expended in the circuit court of Summers county.

REVERSED.