# CHARLESTON.

## CHAPMAN'S ADM'R *v.* McMILLAN.

Submitted September 19, 1883.—Decided December 5, 1886.

(*JOHNSON, PRESIDENT, Absent.)

1. Where the report of a commissioner is not excepted to while it remains in his office, and before it has been returned into court, the evidence which was before the commissioner, on which he acted in making his report, is no part of such report, unless made so by the order of the court or by the report itself. (p. 226.)

2. Where no exceptions have been filed to the report of a commissioner while it remained in his office, and before he returned the same into court, it is not the duty of the commissioner, unless required by the Court to do so, to return with his report the evidence, which was before him, on which he acted in making his report; and if a party afterwards excepts thereto, the court in considering such exceptions will only regard such errors, as appear upon the face of the report. (p. 227.)

3. Where the report of a commissioner, which has not been excepted to, before the same was returned into court, is afterwards excepted to, and the evidence, which was before the commissioner, on which he acted, has not been returned as part of such report, such exceptions will be regarded as made for errors appearing upon the face of the report; and in such case, the same can not be impeached on grounds or in regard to matters which may be affected by extraneous evidence. (p. 227.)

4. When a party excepts to portions of a commissioner's report, the portions not excepted to, are admitted to be correct not only as

---

*Counsel below.

regards the principles but as relates to the sufficiency of the evidence on which they are founded. (p. 227.)

5. A case in which a decree appealed from was amended in important particulars by the appellate court, and so amended, affirmed. (p, 228.)

*Jordan McMillan* for appellant.

*J. G. Schilling* for appellee.

WOODS, JUDGE:

From a decree rendered in this cause by the circuit court of Wirt county at the spring term thereof 1874, an appeal was allowed to the appellant, Jordan McMillan, upon the hearing of which the decree appealed from was reversed, and the cause remanded to the circuit court " with instructions to refer the cause to a commissioner to ascertain the true boundaries of the ' Ervin Farm,' and the number of acres therein contained, and also to ascertain what payments the said McMillan has made upon the said debt." *Chapman's Adm'r* v. *Robinson's Adm'r, &c.,* 9 W. Va. 548.

The debt referred to was the obligation of James Robinson to Henry D. Chapman for $5,505.00, dated January 10, 1865, payable six months thereafter, with interest, executed for the unpaid purchase-money upon the " Ervin Farm " which McMillan as the owner of said " farm " had become personally bound to pay, and which was further secured by a vendor's lien retained on the " farm." McMillan by his answer and amended answer averred that he had paid large amounts which were particularly set out in his answer, and accompanied the same with the vouchers which were made a part of his answer; that said Chapman had included in his deed to Robinson 295 acres not included in the " Ervin Farm"; that the true boundaries thereof did not contain 2,970 acres; that it was deficient in quantity 369 acres for which he claimed an abatement at the contract price, and that the plaintiff, Chapman, was indebted to him in another large sum, for deficiency of quantity in another tract of land which he had sold to him at $2.50 per acre, all of which he had paid, and insisted that he was entitled to credits for all these amounts, which when properly applied upon said obligation would leave nothing

due to the plaintiff. To these answers the plaintiff filed a general replication, and also a special reply in writing verified by his affidavit, in which in express terms he admitted that he did sell to said Robinson 2,920 acres of land known as the "Ervin Farm," and insisted that its boundaries will include that number of acres. When this case was before this Court, it held that the sale of the "Ervin Farm" to Robinson was a sale by the acre; that said parcel of 295 acres included in said deed to Robinson was no part of said "farm," and that if McMillan elected to do so, he would upon conveying to the heirs or assignees of Chapman, his interest in said 295 acres, be entitled to an abatement from said purchase-money, for the price thereof. McMillan elected to do so, and accordingly conveyed the 295 acres to the heirs of Chapman, but when this was done, does not appear.

After the cause was remanded, the circuit court in pursuance of the mandate of this Court, by consent of parties referred the cause to special commissioner Vandal, who was instructed " to ascertain the the true boundaries of the 'Ervin Farm ' in the bill and proceedings mentioned, and the number of acres therein contained; and also to ascertain what payments, if any, the said Jordan McMillan has made for the said land, and report his proceedings under this decree to this court."

The commissioner returned his first report on November 10, 1879, whereby he ascertained the true boundaries of the " Ervin Farm," describing the same with great particularity, in his report, and by reference to the report of the surveyor, of a survey of the " farm " made under his personal supervision, and ascertained the correct boundaries of the " Ervin Farm " and that they contained only 2,360, instead of " 2,920 " acres, being a deficiency in quantity of 560 acres; and that after deducting from said obligation of $5,505.00 the value of this deficiency at the price of $3.00 an acre, and a small payment of $40.00 paid soon after the obligation was executed, there remained due thereon only $3,875.00, and that the defendant McMillan, since that time had made various other payments, and was entitled to other credits thereon, the amounts and dates of which appeared by his report; and that on October 29, 1879, there remained of said purchase-money

unpaid, only the sum of $2,953.16.    After this report was returned to court, the plaintiff, and McMillan filed exceptions thereto.    On June 9, 1880, the cause was heard upon the papers theretofore read, and the proceedings had therein ; upon the mandate of the Court of Appeals, report of said commissioner, said exceptions thereto, depositions and exhibits filed therewith, on consideration whereof the court overruled all of said exceptions and confirmed the report, and then re-committed the cause to the commissioner " to ascertain the value of the 274 acres of land as found by said commissioner as being included in the deed from Chapman to Robinson, but outside of the boundary of the ' Ervin Farm ' as ascertained, as compared to the value of the whole of the tract conveyed to Robinson by Chapman at the date of said conveyance."    The cause was subsequently re-committed to the commissioner three times, to ascertain the value of said 274 acres, and as many reports were made and excepted to, without reaching a result satisfactory to either party.    In the subsequent progress of the cause it was ascertained that the defendant, McMillan, was entitled to a further credit of $195.00 as of the date of said obligation, being the amount overpaid by McMillan to Chapman upon the purchase of another tract of land, which was not included in the order of reference, nor considered by the commissioner in his report returned on November 10, 1879.

The cause having been transferred to the circuit court of Roane county, that court, on September 1, 1882, heard the cause, and by its decree, overruled all said exceptions to the last report, ascertained the true boundaries of the " Ervin Farm," and that they contained only 2,360, instead of 2,920 acres, and the appellant was entitled to credit for the several amounts allowed him by the report of said commissioner, and also to the further sum of $195.00, as of January 10, 1865, and that there was due to the appellee, Schilling, as the administrator of said Chapman, upon the said obligation of $5,505.00, the sum of $2.936.60, with interest from the date of said decree, and decreed that unless the appellant should, within forty days from the rising of the court pay to said Schilling as such administrator, the said sum of $2,936.60 with its interest and the costs of suit, that special

commissioners appointed for the purpose should sell the said "farm," upon the terms prescribed by said decree.

From this decree the said McMillan obtained an appeal, with a *supersedeas* to so much of said decree as directed a sale of said land.

The appellant assigned eight, and the appellee Schilling four grounds of error in said decrees. Those assigned by the latter were, because,

First.—The decree gave the appellant credit upon said debt of $5,505.00 due upon the "Ervin Farm" for the "nine payments" allowed to him by the commissioner "Vandal's" report, mentioned in the plaintiff's exceptions thereto.

Second.—In directing the commissioner, by its decree of June 9, 1880, to ascertain the value of the 274 acres.

Third.—In directing the commissioner by its decree of April 7, 1882, to ascertain the deficiency, if any, in the tract of 1,505 acres conveyed by Chapman to said McMillan, and to ascertain the value of such deficiency; and

Fourth.—In allowing appellant a credit of $195.00 as of date of January 10, 1865, for such deficiency.

The first, second and third grounds of error assigned by the appellant may be considered together, as they all in substance allege that the court erred in confirming the first report of commissioner Vandal; the fourth and fifth grounds are immaterial and need not be considered; the sixth, that the court erred in not allowing the appellant credit upon said debt for $228.65, the amount of costs decreed to him by this Court on the hearing of his former appeal; seventh, in not requiring the heirs of Chapman to execute to him a new deed for said farm with the corrected courses therein; and eighth, in rendering against appellant a personal decree, for the balance, ascertained by the court to be unpaid upon said debt.

The legal title to the "Ervin Farm," became vested in said Robinson, by Chapman's deed to him dated January 10, 1865, notwithstanding the fact that some of the lines mentioned in the deed were erroneous, and other lines misdescribed, or omitted; and this title has been conveyed to McMillan, and at his instance the decree in this case corrected all the errors in said deed, and ascertained and declared the true

boundaries as well as the number of acres in the "farm," and the appellant can therefore suffer no injury by the failure of the court to direct the heirs of Chapman to make him a corrected deed. As Chapman conveyed the land in his lifetime to Robinson, no title to the "Ervin Farm" was ever vested in his heirs, and therefore their conveyance of said "farm" by the corrected courses would have been a mere useless formality. The circuit court properly entered against the appellant, a personal decree for the amount ascertained to be due, for it appears from the face of the decree itself, that his personal liability therefor was a conceded fact. Neither can he complain that the costs recovered by him on his former appeal, were not allowed as a credit in this decree, for it does not appear that he ever claimed the same as a credit in his pleadings, or before the commissioner, nor has he even alleged that the same remains unpaid, and it would under such circumstances, have been improper to have allowed the same as a credit upon said debt. This disposes of the appellant's sixth, seventh and eighth assignments of errors. The third and fourth grounds of error assigned by said Schilling are based upon the hypothesis that the claim of McMillan against Chapman for which the court allowed him the credit of $195.00 was not in issue in this controversy. In this he is mistaken, for the claim is set up by McMillan in his amended answer filed November 26, 1870, to which the plaintiff at the same time filed his special replication, denying that he was entitled to this demand. The testimony subsequently taken and the report of the commissioner, showed that, the deficiency for which compensation was claimed was seventy-eight acres, and that he was entitled to charge the plaintiffs intestate with the same at the price of $2.50 per acre as of January 10, 1865, the date of the conveyance to him of said 1,505 acres. The appellee, Schilling excepted to this report on the ground that it was *res adjudicata*, and because the same was not embraced in the mandate of this Court. In this he was clearly mistaken, as this claim was not considered by this Court, nor was it naturally or necessarily embraced by the "payments" made by McMillan to Chapman, which was one of the subjects required to be ascertained by the order of reference, and as it was not pretended that the appellant

was not entitled to that sum, if it was not "*res adjudicata,*" his exceptions were properly overruled.

His second ground of error becomes immaterial as the court in its decree of September 1, 1882, very properly ignored the result of said inquiry as to the value of the 274 acres, which is the same tract hereinbefore designated as the "295" acres, which this Court decided was no part of the "Ervin Farm." As said 274 or "295" acres were excluded from said farm, it was immaterial in this controversy whether it was worth much or little. Said appellee's first, and appellant's first, second and third grounds of error are in substance the same, viz : that the court improperly overruled these several exceptions to the first report of commissioner Vandal, and confirmed the same.

None of these exceptions to said report, was filed, while it remained in the commissioner's office, before it was returned to court. The order of reference did not direct or require the commissioner to return with his report, the evidence which was before him on which he acted, and when he returned his report, he did not return any of this evidence as part thereof, except the report of surveyor Stalnaker, who surveyed the land, ascertained the correct boundaries of the "farm," and the number of acres it contained. These facts, as well as whether the "nine payments" mentioned in said appellee's exception to said report, were made upon the debt of $5,505.00, or upon other debts due from McMillan to Chapman at the times when they were severally made, and whether McMillan was entitled to charge Chapman for rent, and if so, for what period, and in regard to what land, and at what price were all matters that might have been affected by extraneous evidence. If these exceptions had been filed to said report while it remained in the hands of the commissioner, and before he returned the same to court, it would have been his duty to return with his report the exceptions, and such remarks thereon, as he might have deemed pertinent, and the evidence relating thereto. Unless the report is so excepted to, while it remains in his hands, he is not required to return with his report the evidence which was before him and on which he acted, and it forms no part of his report unless made so by the report itself, or by the order of the court.

*Thompson* v. *Catlett*, 24 W. Va. 522.   By sec. 7 of ch. 129 of the Code; as amended by sec. 7 of the Acts of 1882, "a party may except to such report at the first term of the court, to which it is returned,. or by leave of the court after such term."   But if such exceptions are so made, after the report has been returned to court, it follows that the court can only regard such errors as appear upon the face of the report, and in such case it can not be impeached on grounds, or in regard to matters which may be affected by extraneous evidence; and where no exceptions have been filed to the commissioner's report before the same was returned to court, and no error appears on the face thereof, it will be presumed by the court, that the parties have admitted the same to be correct, not only so far as it settles the principles of the account, but also in regard to the sufficiency of the evidence, on which it was founded.   *Hyman* v. *Smith*, 10 W. Va. 298; *McCarty* v. *Chalfant*, 14 W. Va. 531; *Ward* v. *Ward*,.21 W. Va. 262; *Thompson* v. *Catlett, supra*.   Applying these rules of law to the case under consideration they cover all the exceptions made to the first report of commissioner Vandal as regards the several credits allowed to Mc-Millan by said report upon the debt of $5,505.00, claimed by the plaintiff, as well as the location, and the description of the true boundaries of the "Ervin Farm," and whether at the time the same was sold to James Robinson, any portion of the "Brannon" lands was embraced within its boundaries.   All these were questions of fact, to be determined by the commissioner, and were liable to be affected by extraneous evidence.   His report responds fully and explicitly to the inquiries he was required to make, and not having been excepted to, before he returned the same to court, and the evidence on which he acted not being before the court, the several exceptions thereto were properly overruled, and there was no error in the decree of June 9, 1880, confirming said report; and for the reasons hereinbefore stated, there is no error in the decree of September 1, 1882, to the prejudice of the appellee, J. G. Schilling, administrator of Henry D. Chapman, deceased.

But it appears to this Court, from the first report of commissioner Vandal, including the report of surveyor Stalna-

ker as part thereof, and from the face of said decree and other parts of the record, that there are errors in said decree to the prejudice of the appellant, Jordan McMillan, which can thereby be safely amended, and which under sec. 5 of ch. 134 of the Code, might have been so amended, viz : that the circuit court ascertained that the balance of said debt on September 1, 1882, was "$2,936.60," with interest from that date, whereas the true balance on that day, was only $2,802.20 with interest as aforesaid ; and that in the description of the metes and bounds of "Ervin Farm," as set forth in said decree, the courses of the "first," "second," "fifteenth," "twenty-seventh" and "thirty-third" lines, and the length of the "thirty-fifth" line should be as follows : the first S. 78° 30′ E. instead of "*S*. 30° *E.*;" the second, N. 61° 57′ E., instead of "*N*. 61° 7′ *E.*;" the fifteenth, S. 5° W., instead of "*S*. 2° *W*.;" the twenty-seventh, N. 53° 30′ W., instead of "*N*. 53°, 20′ *W*.;" the thirty-third, N. 21° 20′ E., instead of "*N*. 21, 2*d*. *E*.," and the length of the thirty-fifth line, 301 poles and 22 links, instead of "301 *poles and* 21 *links ;*" and that in these respects the decree of September 1, 1882, ought to be amended ; it is now here adjudged, ordered and decreed, that the same be amended accordingly, and that the appellee, "J. G. Schilling, trustee and administrator of said Henry D. Chapman, deceased, recover against the defendant Jordan McMillan," the said sum of $2,802.20, with interest thereon from September 1, 1882, until paid, instead of "$2,936.60," with interest as aforesaid ; and that the boundaries of the "Ervin Farm" be, and the same are hereby corrected by inserting in the metes and bounds thereof, the corrected courses and distances aforesaid.

And no other error appearing, the said decrees of June 9, 1880, and of April 7, 1882, and the decree of September 1, 1882, as hereinbefore amended are affirmed, with $30.00 damages and costs to the appellee, J. G. Schilling, adminis trator of Henry D. Chapman, deceased, against the appellant.

AMENDED AND AFFIRMED.