THE PEOPLE, ex rel. AZOR B. CRANE, and the said AZOR B. CRANE *vs*. RYDER.

In an action in the name of the people, against a person for intruding into, and unlawfully holding and exercising, an office, the individual claiming the office has an interest in the question, and his name may properly be joined as plaintiff, with the people.

In an action to oust the defendant from, and to induct the relator into, an office, judgment may be rendered upon the right of the defendant, and also upon the right of the claimant, or only upon the right of the defendant. And if the complaint sets forth sufficient to call for either judgment, it will not be fatally defective, as to substance.

If the complaint states that the defendant has unlawfully intruded into, and now holds and exercises, the office, and that allegation is true, the people are entitled to a judgment of ouster. And so far as relates to that adjudication, it is immaterial whether the claimant sets forth a title in himself to the office or not.

The establishment of a title in the relator being but a part of the object of the suit, a demurrer to the entire complaint, on the ground that it does not set forth a valid title in the relator, is too broad, and cannot be sustained.

The time of the election at which the claimant claims to have been elected to the office should be stated in the complaint, in direct terms, and should not be left to mere inference.

The complaint need not aver that a majority of *all the votes* given at the election were given for him, for the office in question. It is sufficient to allege that the relator received a majority of all the votes given for that office.

It is unnecessary to state the number of votes given for each candidate; that being a matter of evidence.

Nor is it necessary to aver that the relator possessed the requisite qualifications for the office; nor that he has taken or filed the oath of office required by law, to entitle him to enter upon the duties of the office.

DEMURRER to complaint. The action was brought by the people on the relation of "Azor B. Crane, a person having an interest in such action, and the said Azor B. Crane." The complaint alleged that the said Azor B. Crane, on the 1st day of January, in the year 1852, and from that time till the 31st day of December, in the year 1856, was and is lawfully and justly entitled and authorized to discharge the duties, and hold and enjoy the office of "county judge," and its franchises in, for and of, the county of Putnam. That at an election duly and legally held in said county, pursuant to the statute in such cases made

and provided, for the election, among other officers, of a "county judge" of said county, to discharge the duties of said office of county judge from said 1st day of January, 1852, for the term of four years, the said Azor B. Crane was duly and lawfully elected to said office of county judge for the term aforesaid, and was entitled, and still is entitled to hold and enjoy said office of county judge aforesaid. That at said election a majority of the legal votes or ballots given and received at said election, were given and received for said Azor B. Crane, for county judge of said county, and that said Azor B. Crane was duly elected to said office of county judge for the term aforesaid, and was entitled to a certificate of election to said office from the board of county canvassers of said county. Yet that the said defendant well knowing the premises, wrongfully and unlawfully obtained the certificate of election to said office from said board of county canvassers, and afterwards on the said 1st day of January, 1852, he the said defendant did usurp said office, and did intrude himself into said office, and from that time hitherto has continued to usurp said office, and intrude himself into said office, and continues so to do, and has unlawfully held, used and exercised said office and the franchises and privileges thereto belonging, and continues so to do, to the exclusion and against the rights and privileges of said Azor B. Crane, and the rights and privileges of said people. The plaintiffs further alleged, that during all the time aforesaid, it had been and was incumbent upon the person holding the office of county judge of said county, and still was, to discharge the duties of surrogate of said county, and that the person holding said office of county judge of said county, was and had been by virtue of said office, surrogate of said county. Therefore the plaintiffs demanded judgment, that the defendant be ousted from, and that he was not entitled to said office of county judge, for the term aforesaid, or its franchises and privileges, and that the said Azor B. Crane was entitled to said office, and the franchises and privileges thereunto belonging, and that said Azor B. Crane be entitled, after taking the oath of office, and executing such official bond as is required by law, to take upon himself the execution of said office ; or for such other or further judgment or relief, &c.

The People *v.* Ryder.

To this complaint the defendant demurred, and specified the following grounds of objection : 1st. That there was a defect of parties plaintiffs. 2d. That it did not appear in said complaint, when the election in the said complaint alleged, was held, or that it was held on the day prescribed by law for that purpose. 3d. That it did not appear in said complaint how many, or that any, votes were given or received at the election in the said complaint alleged, for county judge, or that the said Azor B. Crane received a majority or greater number of votes which were given or received at such election for that office. 4. That the statements in said complaint contained in respect of such election and the holding and result thereof, were conclusions of law merely, and that no facts were stated therein from which the court could determine either that said Azor B. Crane was elected to the said office or that the said defendant had usurped the same. 5. That it did not appear in said complaint that the said Azor B. Crane had taken or filed the oath of office required by law in order to entitle him to enter upon the duties of said office ; nor that he took or filed such oath within the time prescribed by law in respect thereto ; nor that the said Azor B. Crane executed or filed the official bond required by law in order to entitle him to enter upon the duties of said office, within the time prescribed by the statute for that purpose ; nor that he had ever executed or filed said bond. And also that it did not appear in said complaint that the said Azor B. Crane was a citizen of the state of New-York, or that he was such citizen at the time of said pretended election. 6. That it did not appear in and by said complaint that the said Azor B. Crane had an interest in this action or the question therein to be determined, or any right or title to said office. 7. That said complaint did not state facts sufficient to constitute a cause of action.

*B. Bailey*, for the plaintiffs.

*H. B. Cowles*, for the defendant.

The People *v.* Ryder.

S. B. Strong, J. The demurrer is to the whole complaint. There are but two grounds of objection specified which are applicable to the entire pleading. These are, that there is a defect of parties plaintiff, and that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiffs are the people, and the contestant for the office of county judge of the county of Putnam, and the complaint is against the defendant for intruding into, and unlawfully holding and exercising, that office. The relator, claiming the office, has undoubtedly an interest in the question, and his name is therefore properly joined with the people as plaintiff. (*Code of* 1851, § 434.)

The complaint clearly states sufficient to constitute a cause of action. It has two distinct objects ; first, to oust the defendant, and second, to induct the relator. In such case judgment may be rendered upon the right of the defendant, and also upon the right of the claimant, or only upon the right of the defendant, as justice shall require. (*Code,* § 436.) The complaint cannot therefore be fatally defective, as to substance, if it sets forth sufficient to call for either judgment. Now in this case the complaint states that the defendant has unlawfully intruded into, and now holds and exercises, the office. If that allegation is true, the people are entitled to a judgment of ouster against the defendant. So far as relates to that adjudication it is immaterial whether the claimant sets forth a valid or indeed any title in himself, to the office.

The remaining objections are to the alleged title of the relator. As the establishment of such title is but a part of the object of the suit, and not so essential to the entirety as that a failure in respect to that would prevent any judgment in favor of the plaintiffs, a demurrer to the entire complaint is too broad, and cannot be sustained. The rule, before the code, was, and I presume still is, that on a demurrer to a complaint setting forth several causes of action, if any one of them is sufficiently stated there must be judgment for the plaintiff. The code authorizes a demurrer to the whole complaint or to any of the causes of action stated therein. (§ 145.) Clearly the defendant

might have demurred to the alleged cause of action stated by the relator. It is true that the statements relative to the title of such contestant for the office are so mingled together that the language applicable to each cannot well be separated. But the code does not require that the demurrer should be distinctly to any particular portion of the complaint. It may be to one or more of several *causes of action ;* no matter whether they are stated separately, or mingled together in the same averments. The code expressly authorizes a demurrer to one or more of the alleged causes of action, and an answer to the residue. (§ 151.)

This consideration disposes of this case, so far as it is now before me, but I shall briefly state my opinion on the objections which have been raised to the relator's title as set forth in the complaint, as it may save some trouble in the future proceedings in this action, and will explain the reasons for qualifying the usual terms upon which defendants are permitted to answer on overruling their demurrers.

The time of the election should have been stated in the complaint, in direct terms, and should not have been left to mere inference. It was essential to the relator's claim that there had been a valid election, and that he had received the greatest number of votes for the disputed office. The rule is that it is necessary to state in a complaint a time when every material or traversable fact happened. That is the rule even when the exact time is not essential and need not be proved as laid. . 5 *D. & E.* 620, 624, 625. *Com. Dig. title Pleader C.* 19.) This objection, if it related to a mere technical formality, would not now be reached by a demurrer, as it is not one of the grounds specified in the code; but in this instance I conceive it to be a matter of substance. The time of the election is prescribed by law, and is essential to its validity. It becomes therefore a part of the relator's title, and should have been set forth. As that has not been done, the complaint is, as to that, radically defective. When sufficient is alleged to show that an election is valid, and time and place, (and by that I mean the requisite county,) are all that are requisite to evince that, then a compliance with the various minute particulars required by the

The People *v.* Ryder.

statute will be presumed, and need not be averred. If the demurrer in this case had been simply to so much of the complaint as purports to set forth the relator's title, it would have prevailed, on this ground of objection.

There is a want of precision in that part of the complaint which states that a majority of the legal votes or ballots given and received at the election were given and received for the relator. The word majority may signify literally the greater number, but as applied to the elections in the different states of the union, it designates more than half of all the votes. In this state the greatest number of votes (whether that exceeds the half of all the votes or not,) elects the candidate, and that is generally denominated a plurality. The distinction, however, has not got into our dictionaries, nor, so far as I know, into our law books. It may save a question, and possibly a very important question for the relator, however, to adopt the phraseology of our certificates of election. As the complaint now reads, the relator claims that a majority of *all the votes* given at the election were given for him for county judge. The pleader no doubt intended to say that the relator received a majority of all the votes given for that office; but he says much more, and more than it would be necessary for him to prove, to sustain his claim to the office. However, the fact that the complaint alleges more than what it will be necessary for the claimant to prove, so long as it includes all that is requisite, furnishes no ground for a demurrer.

It was unnecessary to state the number of votes given for each candidate. That is a matter of evidence. The exact number is not essential, if it exceeds that given for any other candidate for the office.

Nor was it necessary to aver that the relator possessed the requisite qualifications for the office. That is to be presumed from the election, if not otherwise, until the contrary is averred and proved by the defendant.

The 437th section of the code clearly authorizes a successful litigant for an office to take the official oath and file the bond after judgment shall be rendered in his favor. The revised

statutes, prescribing the usual times for performing those acts, expressly except cases where a different time is prescribed by law. (1 *R. S.* 119, §§ 21, 26.)

The demurrer must be overruled. The plaintiffs may, if they elect, amend their complaint in ten days, without costs. If they should so amend, the defendants may answer within the usual time, without paying the costs of the demurrer. If the plaintiffs should not amend, the defendant may answer on the usual terms.

[WESTCHESTER SPECIAL TERM, September 5, 1853. *S. B. Strong*, Justice.]