# CHARLESTON

## FOUSE *v.* VANDERVORT.

Submitted September 14, 1887.—Decided November 12, 1884.

| | |
|---|---|
| 30 | 327 |
| 30 | 539 |
| 31 | 369 |
| 31 | 471 |
| 31 | 483 |
| 30 | 327 |
| 38 | 215 |
| 38 | 347 |
| 30 | 327 |
| 43 | 55 |
| 30 | 327 |
| 45 | 477 |
| 45 | 538 |
| 30 | 327 |
| 48 | 397 |
| 30 | 327 |
| 50 | 69 |
| 50 | 257 |
| 30 | 327 |
| 57 | 329 |
| 30 | 327 |
| 58 | 522 |
| 30 | 327 |
| 61 | 135 |

1. APPEAL—JUSTICE OF THE PEACE—REVIEW BY CIRCUIT COURT.
   Under the provisions of chapter 110, Amended Code, the Circuit Court has jurisdiction to review the judgment of a justice rendered upon the verdict of a jury by a writ of *certiorari*. (p. 330.)

2. JUSTICE OF THE PEACE—PRACTICE—QUASHING SUMMONS.
   If the summons in a case before a justice states a legal cause of action and is in other respects sufficient, the justice ought not to quash it, simply because it states two or more causes of action. (p. 334.)

*C. T. Caldwell* for plaintiff in error.

*J. W. Vandervort* for defendant in error.

SNYDER, JUDGE:

Writ of error to a judgment of the Circuit Court of Wood county, pronounced December 15, 1886, in the case of Herman Fouse against J. W. Vandervort, dismissing a petition for a writ of *certiorari* to the judgment of a justice of said county. The petition filed in the Circuit Court alleges that Vandervort brought a civil action against the petitioner before a justice of Wood county, "for the recovery of money for damages for breach of contract for building a house and for professional services," in which the plaintiff demanded judgment for $300.00; and the petitioner appeared before the justice by counsel and moved to quash the summons "because of misjoinder of action, and for other reasons, which motion was overruled by the justice," and then he withdrew from the case. After his withdrawal the plaintiff, Vandervort, demanded a jury, which was allowed, and the case was tried by a jury of six jurors, who returned a verdict in favor of the plaintiff for $264.00, on which the justice entered a judgment for that sum and costs against him; that he took an appeal from said judgment to the Circuit Court of said county; and that afterwards his appeal was dismissed by said court as having been improvidently taken. The petition exhibits with it as part thereof the summons and transcript of the record of the case before the justice and assigns two grounds of error: *First*, that the justice erred in refusing to quash and dismiss the summons; and, *second*, in refusing to dismiss the action, because the summons did not show what part of the $300.00 claimed was for breach of contract, and what part was for services. It prays for a *certiorari* against Vandervort and the justice, and that the latter be required to transmit to said court all the papers and proceedings had before him in the case. Vandervort appeared in court and demurred to the petition, and the court sustained the demurrer and dismissed the petition on the ground, as the record states, that it had no jurisdiction to award the writ for the matters alleged in the petition. To this judgment the petitioner, Fouse, obtained this writ of error.

There can be no question, that this Court has jurisdiction by writ of error to review the action of the Circuit Court in this case, as the following cases abundantly

show: *Chenowith* v. *Commissioners*, 26 W. Va. 230; *Dryden* v. *Swinburn*, 15 W. Va. 234; *Poe* v. *Machine Works*, 24 W. Va. 517. In *Farnsworth* v. *Railroad Co.*, 28 W. Va. 815, we held, that in cases of this nature this Court could not entertain jurisdiction, when the amount in controversy was less than $100.00, but as the judgment in this case exceeds that amount, our jurisdiction is undoubted.

The first and most important question presented by the record in this case is, whether or not the Circuit Court had jurisdiction to award or entertain the. writ of *certiorari* prayed for in the petition presented to that court by the plaintiff in error. It is provided in section 28 of article VIII of our Constitution, as amended in 1880, that "appeals *shall be allowed* from judgments of justices of the peace in such manner *as may be prescribed* by law." After this provision was adopted, the Legislature in 1882 amended chapter 110 of the Code. The second section of said chapter is as follows: "In every case, matter or proceeding, in which a *certiorari* might be issued, as the law heretofore has been, and *in any case*, matter or proceeding before a County Court, council of a city, town or village, *justice* or other inferior tribunal, the record or proceeding may, after a judgment or final order therein, or after any judgment or order therein abridging the freedom of a person, be removed by a writ of *certiorari* to the *Circuit Court* of the county in which such judgment was rendered or order made, except in cases where authority is or may be given by law to the Circuit Court or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error, or *supersedeas*, or in some manner other than upon *certiorari;* but no *certiorari* shall be issued in cases of judgments rendered by justices in civil actions for *not exceeding fifteen dollars*, exclusive of interest and costs." Section 2, ch. 110, Amend. Code, p. 665. The third section of said chapter, after providing for the granting of bills of exceptions, and certifying the evidence by justices and other inferior tribunals in all cases from which a *certiorari* will lie under the preceding section, declares that, "upon the hearing, such Circuit Court shall in *addition* to determining such questions as might have been determined upon a *cer-*

*tiorari* as the law heretofore was, review such judgment, order, or proceeding of the County Court, council, *justice*, or other inferior tribunal, *upon the merits*, determine all questions arising upon the law and evidence, and render such judgment, or make such order upon the whole matter, as law and justice may require."

It will be noticed that this statute greatly enlarges the writ of *certiorari*, and allows it to issue, not only in cases where it could be used according to the common-law, but extends it to every case, matter, or proceeding, before a justice or other inferior tribunal, in which the judgment can not be reviewed by appeal, writ of error, *supersedeas*, or in some manner other than upon *certiorari*. It in express terms authorizes every judgment or order entered by a justice or other inferior tribunal, except judgments of justices for less than $15.00, to be reviewed upon *certiorari* by the Circuit Court when there is no other process by which such judgment or order can be reviewed. It completely supplies and fills whatever *hiatus* may exist in other writs or modes for the review of such judgments or orders, and makes all of them reviewable by the Circuit Court, with the single exception of a justice's judgment for less than $15.00 exclusive of interest and costs. The statute being thus sufficiently comprehensive to embrace the case at bar, the only remaining inquiries are—*First*, is there any other existing writ or mode provided either by the common law or statute for the review of the judgment in this case? and, *second*, is the said statute constitutional?

1. In *Barlow* v. *Daniels*, 25 W. Va. 512, this Court held that the judgment of a justice rendered upon the verdict of a jury could not be tried *de novo* by the Circuit Court upon appeal under the provisions of chapter 8, Acts 1881, which is the same as chapter 50 of our Amended Code, because said provisions of the statute were in conflict with section 13, art. III, of our Constitution, in which it is declared that " no fact tried by a jury shall be otherwise re-examined in any case than according to the rules of the common law." According to the common-law, the judgment of a justice could not be reviewed upon a writ of error, for the reason that such writ lay only from a judgment or proceeding in a

court of record, and by that law justices' courts were not courts of record. The only statute in this State which authorizes the review of the judgment of a justice in any case by motion, appeal, writ of error, *supersedeas*, or any other manner in the Circuit Court, is chapter 8, Acts 1881, above referred to, which this Court has declared inoperative as to judgments of justices rendered upon the verdict of a jury. It therefore follows that in this State there is no mode provided, either at the common law or by statute, by which such judgment of a justice can be reviewed by the Circuit Court, except chapter 110 of our Amended Code above quoted, which does in terms authorize such review in such cases by writ of *certiorari.*

2. Is said chapter 110 of the Code constitutional? The constitutional provision first above quoted expressly declares that "*appeals shall* be allowed from judgments of justices of the peace in such manner as *may be prescribed* by law." This provision positively commands that appeals from judgments of justices *shall be allowed*, and it expressly authorizes the Legislature to prescribe the manner in which they shall be allowed. The statute under consideration was enacted a very short time after said constitution was adopted, and as it has prescribed no other effective mode by which judgments of justices, of the character now before us, can be reviewed, it is the duty of the courts, if they can do so consistently with the legal rules of interpretation, to construe this statute as giving the Circuit Courts such power of review. The only difficulty in giving such construction is the use of the word "appeal" in the Constitution, instead of the common-law terms "writ of error," or "*certiorari.*" The term "appeal" was unknown to the common law. It belonged wholly to courts of chancery, and means in its technical and appropriate sense the removal of a suit, and its final determination, from an inferior court, after final judgment in that court, to a superior court, and placing the case in the latter court, to be again tried *de novo* upon its merits, just as though it had never been tried in the inferior court. Pow. App. Proc. 44. The common-law mode of reviewing the judgments of inferior courts was by the writs of *audita querela*, error, and *certiorari.* The writ of error was used to

review the judgments of courts of record, while the writ of *certiorari* was employed to review judgments of inferior jurisdictions, or courts not of record, or where the court acts in a summary mode, or in a new course different from the common law. *Groenvelt* v. *Burwell*, 1 Salk. 263; *Cunning-ham* v. *Squires*, 2 W. Va. 422; *Poe* v. *Machine Works*, 24 W. Va. 517.

Such is unquestionably the technical definition and appropriate uses of these terms, but in modern times, and especially in the United States, the distinction is not always observed, and the term "appeal" is often used in the general sense, as embracing all kinds of proceedings for the review of every class of cases, whether they be decrees in equity or judgments at law. Thus, in New York, writs of error in civil cases are entirely abolished, and the term "appeal" is substituted for the review of all such cases in error. In the Constitution of this State, as originally framed and adopted, these terms were not confounded, but appear to have been distinguished and used in their ancient and appropriate sense; but such is not the case in our statutes. The Legislature of this State, long before and after the formation of the Constitution of 1872, as many of the statutes show, did not generally observe the distinctions in the use and meaning of these terms. "Appeal" is frequently used when the context necessarily shows that "writ of error" was intended. Without attempting to cite all the many statutes in our Code which shows this comprehensive and indiscriminate use of the word "appeal," it will be sufficient to refer to chapter 135 in the Code of 1868, and Amended Code of 1884, in both of which this chapter is entitled "Of appeals to the Court of Appeals;" and in section 1 in both Codes the following occurs: "In any case wherein there is an order granting a new trial or rehearing, and in such cases an *appeal* may be taken from the order without waiting for the new trial or rehearing to be had." It is apparent that the new trial here referred to applies to a case at law from which a writ of error only could lie; yet the word "appeal," instead of "writ of error," is used.

Considering, then, that the provision of the Constitution under consideration was framed by the Legislature in 1879,

and adopted by the people as an amendment in 1880, we may fairly presume that the word "appeal" therein was not used in its technical sense, but in the popular and broader sense in which it is used in many of the statutes, and as embracing, not only appeals in the limited definition of that term, but also writs of error and *certiorari*, when it is necessary to do so in order to give effect to legislation presumably intended to give effect to said constitutional provision. This conclusion is essential to make the Constitution consistent with itself; for section 13 of article 3 provides for the trial of cases in justices' courts by jury, and declares that "no fact tried by a jury shall be otherwise re-examined *in any case* than according to the rules of the common law." An appeal, *ex vi termini*, in its technical sense, imports a trial *de novo* of the case after a final judgment, a thing unknown to the common law, and therefore expressly inhibited by said provision of the Constitution; consequently, if the word "appeal" is not construed to mean the common-law writs for the review of judgments of justices in cases tried by jury, then there can be no review of such judgments, and the Legislature has no power to provide for the review of such cases, because the only power given to the Legislature in that matter is to prescribe the manner in which *appeals* may be allowed. Understanding the term "appeal" in this broad sense, it will not be denied, I presume, that this provision of the Constitution would authorize the Legislature to prescribe that judgments of justices should be reviewed by writ of error. If this be conceded, as I think it must be, then, as the Legislature is not limited as to the manner it shall provide for the review of the justices' judgments, except that such review shall be according to the rules of the common law, it has an unlimited discretion whether it will prescribe that the manner of review shall be by writ of error or by *certiorari*, since both of these writs are modes applicable to the review of judgments according to the rules of the common law. In *Farnsworth* v. *Railroad Co.*, 28 W. Va. 815, 819, this Court, in substance, decided that the statute here in question had, in effect, substituted *certiorari* for the writ of error, and that, therefore, *certiorari* would not lie to this Court under this statute when the amount in controversy was less than $100. For

these reasons I am of opinion that the Circuit Court had jurisdiction to entertain the writ of *certiorari* in this case.

3. The remaining question to be determined is, whether or not there is any error of law on the face of the petition for the writ of *certiorari* for which the judgment of the justice should have been reversed. The only error assigned which can be noticed in this proceeding is the refusal of the justice to quash the summons on the motion of the defendant, Fouse, for the reason, as alleged, that it contained a misjoinder of actions. The summons is made a part of the petition, and upon looking to it, we find that it is precisely in accordance with the form prescribed in section 26, ch. 50, Amend. Code. It states, as the cause of action, "damages for breach of contract for building house and for professional services," and demands judgment for $300.00. The plaintiff in error seems to entertain the erroneous view that an action before a justice must pursue the same rules as to the joinder of actions and strictness in pleading that are required in our Circuit Courts. The pleadings in justices' courts are prescribed by statute, and are intended to be as simple and free from technicalities as a due regard to the rights of the litigants will permit. *Todd* v. *Gates*, 20 W. Va. 464, 470. The summons is not in all respects intended to be a substitute in justices' courts for the declaration in courts of record. And especially is this so in regard to stating the cause of action, because the statute expressly provides for a complaint to be filed by the plaintiff, in which he shall state his cause of action. Section 50, ch. 50, Amend. Code. It is sufficient to state in the summons, in a general manner, the nature of the plaintiff's claim, and the amount for which he will demand judgment. It is no ground for quashing the summons that it states two or more causes of action. If there is any error in this respect, it can be remedied in the complaint which the plaintiff is required to file before the justice. If the summons is good in other respects, and states a legal cause of action, it ought not to be quashed merely because, according to the strict rules of pleading in courts of record, it joins two or more causes of action. In this case, I apprehend there was no misjoinder of actions. The statute seems to contemplate just such a joinder of actions as appeared in this case. Section 48, ch. 50,

Code. But whether this be so or not is not material in this case. The summons here was sufficient, and the justice did not err in refusing to quash it.

For the foregoing reasons, I am of the opinion that the Circuit Court did not err in sustaining the demurrer to the petition of the plaintiff in error, and dismissing the same. The judgment of said Court is therefore affirmed, not for the reason assigned by it, for the want of jurisdiction, but because the petition showed no error for which the judgment of the justice should have been reversed.

WOODS, JUDGE, dissenting:

I am unable to concur in the opinion and syllabus of the Court in this case for the reasons stated by me in my opinion dissenting from the opinion and conclusion of this Court in the case of *Hickman* v. *B. & O. R. Co.* decided at the present term.

AFFIRMED.