## CHARLESTON.

FARNSWORTH *v.* B. & O. R. R. COMPANY.

AND

SUTTON *v.* B. & O. R. R. COMPANY.

Submitted September 10, 1886.—Decided November 13, 1886.

This Court has no jurisdiction to review an order of the circuit court refusing to award a writ of *certiorari* to the judgment of a justice rendered on a verdict of a jury, when the amount of such judgment is less than $100.00 and the matter in controversy is merely pecuniary.

*J. A. Hutchinson* and *J. H. Ferguson* for plaintiff in error.

*D. H. Leonard* for defendant in error, Farnsworth.

*B. Powell* for defendant in error, Sutton.

SNYDER, JUDGE:

Both of these cases were brought against the Baltimore and Ohio Railroad Company, before different justices of Wood county, the first by J. J. Farnsworth for $60.00 damages for negligently killing two cows of the plaintiff by the defendant, and the second by Rhoda Sutton for $100.00 damages for negligently killing two cows of the plaintiff by the defendant. Each case was tried by a jury before the justice and a verdict rendered in the first for $60.00 and for the same amount in the second case. On these respective verdicts judgments were entered by the justices for the amounts of the verdicts respectively with interest and costs.

Inasmuch as the questions presented in both cases are substantially the same, I shall for convenience confine myself to the record in the first case, because the determination of that will necessarily determine the second case.

The defendant appeared before the justice at the trial and objected to the empanelling of the jury on the ground that the justice had no jurisdiction to try the case by jury; and after the verdict had been returned, it moved the justice to set the same aside, because it was contrary to the law and the evidence. The justice having overruled said objection and motion, the defendant excepted, and at its instance the jus-

tice signed bills of exceptions, certifying the evidence and exceptions to said rulings, and made the same parts of the record.

The defendant, by counsel, on Septembr 7, 1885, presented its petition to the judge of the circuit court of Wood county, setting out the errors complained of and praying, that a writ of *certiorari* might be awarded commanding the justice to certify the record and proceedings in said case to the said circuit court. The judge after considering the matter arising upon said petition, being of opinion that he had no jurisdiction to award said writ, entered an order refusing said writ. From this order the defendant obtained a writ of error to this Court.

The first question presented for our consideration is, has this Court jurisdiction to review the said order of the circuit court judge? It does not necessarily follow, that because said judge may have erred in refusing the *certiorari* this Court has jurisdiction to review his action. Both the Constitution and statute law of this State declare, that when the action or suit involves matters merely pecuniary, and the amount is less than $100.00, this Court has no jurisdiction to review the action of inferior courts in any manner. *Bee v. Burdett*, 23 W. Va 744; *Love v. Pickens*, 26 *Id.* 341. In such cases, if the matter in controversy is less than $100.00, it is the policy and positive law of this State, that the party prejudiced must submit to any error that may be committed by the circuit courts without the right of review by this Court.

There are cases, however, which this Court is commanded to review, both by the Constitution and statute, without regard to the pecuniary value of the matter in controversy. These cases are enumerated in the eighth article, section three of the Constitution, and among them we find, "cases of *quo warranto, habeas corpus, mandamus, certiorari* and prohibition." It may be noticed here, that the statute, enacted, in 1882, to carry this constitutional provision into effect, enumerates only cases of "*quo warranto, habeas corpus, mandamus* and prohibition." It wholly omits cases of *certiorari.* section 1, ch. 135, amended Code, p. 744. But if this may be considered an intentional omission by the legislature,

which I think it was not, still the Constitution, being the paramount law, must prevail and we must hold that *certiorari* is embraced in the class of cases made reviewable by this Court regardless of the pecuniary value of the subject in controversy.

The next inquiry is, what class of cases does the term *certiorari*, as used in the Constitution, embrace ? This is a common law writ well defined and understood at the time the Constitution was made and adopted, and we must, therefore, presume that it was made with reference and intended to embrace only that class of cases which were then reviewable by *certiorari*. It was certainly not intended that the legislature should, by simply changing the name, give this Court jurisdiction to review cases by *certiorari* which the Constitution expressly prohibits it from reviewing under any writ or proceeding in force at the time of its adoption. In *Barlow v. Daniels*, this Court speaking of the trial by jury, says : "This fundamental guarantee of the right of trial by jury applies to cases or suits which the common law recognizes among its old and settled proceedings, in which legal rights are to be ascertained and legal remedies administered, whatever may be the peculiar form which they may assume. These are cases or suits at law ; let the plaintiff resort to what court he may, it does not change their nature, they not being cases in equity or admiralty, as contradistinguished from courts of law ; the term, a case at law, refers to the cause of action, the remedy, and mode of enforcing it, not to the forum to which the plaintiff may choose to resort," 25 W. Va. 516, 517. Again, the opinion proceeds : "This sacred and absolute right can not be taken away or impaired either by the form of the proceeding or by the constitution of the tribunal in which such suit may be brought. It is the right and not the proceeding that is guaranteed by the Constitution. It is, therefore, entirely immaterial whether the justice courts in this State are courts of record or not ; nor does it matter that according to the common law they had no civil jurisdiction, and no writ of error lay to them. The right protected is entirely distinct from the form of the proceeding in which it is asserted." *Id.* 519.

In that case we held, that the party could not be *deprived*

of a constitutional right by a mere legislative change of the court or proceeding in which such right might be asserted or assailed. The case before us is just the converse of that case. Here the effort is to show, that the legislature by the mere change of the name of the proceeding or writ has *conferred* a right which is forbidden by the Constitution. It cannot with propriety be questioned that, if the judgment here sought to be reviewed had been pronounced by a county court or other tribunal from which a writ of error lies to the circuit court, this Court would not have jurisdiction to review an order of the circuit court refusing such writ in a case where the amount in controversy was less than $100.00. It seems to me, therefore, that the legislature has no constitutional power to confer upon this Court jurisdiction to review the judgment of a circuit court refusing to review by *certiorari* the judgment of a justice entered upon the verdict of a jury in a case involving a merely pecuniary controversy of less value than $100.00, unless by the rules of the common law or statutes in force in this State, at the time our present constitution was adopted, such judgment was reviewable by such writ.

According to the common law a justice had no civil jurisdiction of any kind. Under certain statutes or acts of parliament conferring and enlarging the *criminal* jurisdiction of justices, there are instances in which the writ of *certiorari* has been used by the courts to review *criminal* cases tried by jury before a justice. *Groenvelt* v. *Barwell,* 1 Lord Raymond 469; *Regina* v. *Potter,* 2 Lord Raymond 937. Also, under the statute or common law in force in Virginia in 1821, it was held, that where a party had been tried before a justice on an inquest of riot and a verdict found against him by a jury, the judges of the superior courts had power to bring the case before them by *certiorari* after verdict and *before judgment*. *Mackaboy* v. *Commonwealth,* 2 Va. Cas. 268. But long before the adoption of our Constitution both the common and statutory law, under which these proceedings were had, had been abolished or repealed. So far as I know or can discover, there never had been any law or statute in force in this State up to the time of the adoption of our present constitution, or up to the date of the amendment in 1880, which for the first time introduced the provision for the review of cases by *cer-*

*tiorari* as a special class, by which the circuit courts were given jurisdiction to review by *certiorari* civil cases tried before a justice by a jury. I am sure there never was any such law, and that therefore the term *certiorari* used in the Constitution had no reference to the review of such cases by this Court. The kinds of cases to which said term may have had reference will sufficiently appear from the following decisions of this Court: *Cunningham* v. *Squires*, 2 W. Va. 422; *Dryden* v. *Swinburn*, 15 W. Va. 234; *Poe* v. *Machine Works*, 24 W. Va. 517; *Board of Education* v. *Hopkins*, 19 W. Va. 84.

It, therefore, becomes unnecessary, and as we have no jurisdiction, it would be improper, to consider or decide in this case, whether or not the act of March 29, 1882, ch. 110 Amended Code, would give this Court jurisdiction to review cases such as the one before us, if the amount in controversy exceeded $100.00. The most that can be claimed for this statute is, that it substitutes the writ of *certiorari* for the writ of error in certain cases where no provision of law or statute exists or has been made for the application of the latter writ. If it was intended to apply to cases like the one before us, so far as such cases are concerned, it seems to me the legislature could, with as much and perhaps more propriety, have called the proceeding a writ of error, instead of *certiorari*. The substance and effect would have been the same in either case.

The constitution, as we have seen, would forbid the review of such case upon the writ of error by this Court, if the matter in controversy was less than $100.00; and we therefore hold, that it is not in the power of the legislature, by a mere change of the name of the writ or proceeding, to confer such forbidden jurisdiction. The substance and effect and not the name being the things that are prohibited by the constitution. To this extent and this only do we intend our decision to go in these cases.

For the foregoing reasons I am of opinion that the writ of error in each of these cases should be dismissed for the want of jurisdiction in this Court to entertain them, the amount in controversy in neither case being as much as $100.00.

Dismissed.