PEOPLE EX REL. KERN, RESPONDENT, *v.* McINTYRE, APPELLANT.

USURPATION OF OFFICE—*Pleading.*—A complaint in an action for usurpation of office, which alleges the election of the relator to the office in question, the making and subscribing of an oath of office, the execution, approval, acceptance, and filing of his official bond, the usurpation and intrusion of the defendant, the refusal of the county attorney to institute the action, and prays that defendant be excluded from holding and exercising the duties of the office, and that the relator be adjudged entitled to hold the same and be installed therein, is good on demurrer. (*Territory* v. *Rogers,* 1 Mont. 252, cited.)

DEMURRER— *Title of cause.*— Objections to the title or style of the case at bar cannot be considered under a demurrer which alleges "that said action is not brought under the proper caption or style, nor in the proper name, to wit, in the name of the people of the State of Montana, instead of being brought in the name of the State of Montana," as no such ground of demurrer is known to the statute.

*Appeal from Eighth Judicial District, Cascade County.*

Judgment was rendered for relator by BENTON, J., upon defendant declining to answer after demurrer overruled.

Statement of facts, prepared by the judge delivering the opinion.

This is an action for the usurpation of office, brought under the provisions of sections 410–417 of the Code of Civil Procedure. The complaint substantially alleges the holding of an election, under the provisions of the laws, October 1, 1889; that at said election, the relator, W. E. Kern, was regularly

and duly elected by the qualified voters of Cascade County to the office of county surveyor of said county, for the term of three years from January 1, 1890; that relator made and subscribed his oath of office, and executed his official bond, which was approved, accepted, and filed, as required by law, in the office of the county recorder; that, on the twenty-eighth day of January, 1890, the defendant, H. L. McIntyre, without right, did usurp and intrude into said office of county surveyor, and has wrongfully and unlawfully since that time been holding and exercising the functions of that office; that relator made complaint to the county attorney, and requested that he institute this action, which he refused to do. The prayer of the complaint is that defendant be excluded from holding and exercising the duties of the office, and that relator be adjudged to be entitled to hold the same, and be installed therein. Defendant filed a demurrer on the following grounds: "*First,* this court has no jurisdiction of the case; *second,* that the complaint does not state facts sufficient to constitute a cause of action against the defendant; *third,* that said action is not brought under the proper caption or style, nor in the proper name, to wit, in the name of the people of the State of Montana, instead of being brought in the name of the State of Montana." The demurrer was overruled. Defendant elected to stand upon the demurrer, and declined to answer. Judgment was thereupon entered for relator as prayed for, from which the defendant appeals to this court.

*Thomas E. Brady,* for Appellant.

*Leslie & Baum,* for Respondent.

DE WITT, J.—The contention of the parties herein is upon the action of the court in overruling the demurrer.

The first point in the demurrer is abandoned upon the argument, and we shall not discuss it.

As to the second point. The prayer of the complaint is dual, as allowed by the statute (ch. v. tit. x. Code Civ. Proc.); that is, (1) that defendant be excluded from the office; and (2) that relator be adjudged to be entitled thereto. The prayer is based upon the statement of two facts in the complaint:

(1) relator's right to the office; and (2) defendant's usurpation of the office. The demurrer is a unit, and, therefore, if any cause of action is set forth in the complaint, that pleading is good. If the usurpation by the defendant is sufficiently stated, the complaint must stand, whether the rights of the relator are well pleaded or not. That this complaint is good upon demurrer is abundantly sustained in *People* v. *Woodbury,* 14 Cal. 43; *Flynn* v. *Abbott,* 16 Cal. 359; *People* v. *Holden,* 28 Cal. 124; *State* v. *Messmore,* 14 Wis. 125; *State* v. *Price,* 50 Ala. 568; *People* v. *Ryder,* 12 N. Y. 433; 16 Barb. 370; *Territory* v. *Rodgers,* 1 Mont. 252; 2 Estee's Pleadings and Practice (3d ed.), §§ 2902–2918, cases cited; 3 Deering's Codes of California, § 802, et seq., cases cited. Appellant has not cited us to any authorities, nor do we find any holding a contrary view.

What may or may not be the valid objections to the style or title of the case we cannot inquire under the third point of the demurrer as set forth. There is no demurrer "that plaintiff has no equal capacity to sue." (§ 87, Code Civ. Proc.) The ground of demurrer, as stated by defendant, is not known to the statute. The judgment is affirmed.

BLAKE, C. J., and HARWOOD, J., concur.