# CHARLESTON.

WILSON *v.* WEST VIRGINIA CENT. & PITTS. R'Y CO.

Submitted September 1, 1893.—Decided November 11, 1893.

1. JUSTICES OF THE PEACE—*Certiorari.*

Where a justice in a suit involving a matter merely pecuniary has jurisdiction of the subject-matter and of the person, and renders a *bona fide* judgment on the merits clearly wrong but within the scope of his legitimate powers, the Circuit Court will not upon a writ of *certiorari* issued in the exercise of its original supervisory jurisdiction conferred by the constitution, review and reverse such judgment but will dismiss the writ as improvidently awarded.

C. W. DALY for plaintiff in error:

I.—*On insufficiency of evidence to warrant the judgment of the justice.*—25 W. Va. p. 571, 6th p't; 35 W. Va. p. 438.

II.—*On power of the Circuit Court to review the action of the Justice.*—3 Am. & Eng. Ency. Law, 60-62; 20 W. Va. 89, 103, 105, 107.

G. P. SCOTT and DAYTON & DAYTON for defendant in error cited Code c. 110, s. 2; Const. U. S. Art. III. s. 2; Const. & Manual U. S. Senate 55 (Ed. 1890); Const. W. Va. Art. VIII, s. 28; 30 W. Va. 327; 28 W. Va. 815, 119; 35 W. Va. 333; 2 Wait's Act. & Def. 137, 141.

HOLT, JUDGE:

On the 28th day of April, 1891, M. Parsons, a justice of the peace of Tucker county, rendered a judgment in favor of Martha I. Wilson, plaintiff below, against the railway company, defendant below and plaintiff in error, for four-

teen dollars, with interest from date, the amount of her claim for damages for the wrongful killing of a steer worth fourteen dollars. The only evidence of value was that she had paid six dollars for the steer and had kept it nine months before the killing by the railway train. The defendant presented its petition to the Circuit Court for a writ of *certiorari*—when, the record does not show, but the writ was awarded on May 6, 1891.

The petition claimed that section 2, c. 110, of the Code prohibiting the awarding of the writ of *certiorari* unless the amount in controversy exceed fifteen dollars, is unconstitutional and void; that section 12 Art. VIII of the constitution makes it the duty of the Circuit Court, and gives it jurisdiction, to supervise and control all proceedings before justices and other inferior tribunals by *mandamus*, prohibition, and *certiorari*. On the 2d day of December, 1891, plaintiff, by her attorney, moved the court to dismiss the writ as improvidently awarded, and the court having taken time to consider, on March 12, 1892, sustained the motion, and dismissed the writ, to which ruling this writ of error was obtained,

The only ground of error assigned in the petition is that the court erred in dismissing the writ of *certiorari* as improvidently awarded. In the brief of counsel for plaintiff in error, it is argued that section 2, c. 110, of the Code, so far as it says that "no *certiorari* shall be issued in civil cases before justices, where the amount in controversy, exclusive of interest, does not exceed fifteen dollars," is unconstitutional, so far as it attempts to impose such limit on the supervisory jurisdiction of the Circuit Court conferred by section 12, Art. VIII, of the constitution. Section 12, Art VIII, of the constitution reads as follows:

"The Circuit Court shall have the supervision and control of all proceedings before justices and other inferior tribunals by *mandamus*, prohibition, or *certiorari*. They shall, except in cases confined exclusively by this constitution to some other tribunal, have original and general jurisdiction of all matters at law where the amount in controversy, exclusive of interest, exceeds fifty dollars; of all causes of *habeas corpus*, *mandamus*, *quo warranto*, and pro-

hibition ; and of all cases in equity and of all crimes and misdemeanors. They shall have appellate jurisdiction in all cases civil and criminal where an appeal, writ of error or *supersedeas* may be allowed to the judgment or proceedings of any inferior tribunal. They shall also have such other jurisdiction, whether supervisory, original, appellate or concurrent, as is or may be prescribed by law."

Section 2, c. 110, of the Code is as follows :

"In every case, matter or proceeding in which a *certiorari* might be issued as the law heretofore has been, and in every case, matter or proceeding before a County Court, council of a city, town or village, justice or other inferior tribunal, the record or proceedings may, after a judgment or final order therein, or after any judgment or order therein abridging the freedom of a person, be removed by writ of *certiorari* to the Circuit Court of the county in which such judgment was rendered, or order made ; except in cases where authority is or may be given by law to the Circuit Court, or the judge thereof in vacation, to review such judgment or order on motion or on appeal, writ of error, or *supersedeas,* or in some manner other than upon *certiorari,* but no *certiorart* shall be issued in cases of judgment rendered by justices in civil actions for not exceeding fifteen dollars, exclusive of interest and costs."

Section 12, Art. VIII, of the constitution (1) gives the Circuit Court a general supervisory jurisdiction of all proceedings before justices and other inferior tribunals by *mandamus,* prohibition and *certiorari.* (2) It gives such court (except in cases confined exclusively by this constitution to some other tribunal) original and general jurisdiction—First, of all matters at law, where the amount in controversy, exclusive of interest, exceeds fifty dollars ; second, of all cases of *habeas corpus, mandamus, quo warranto,* and prohibition ; third, of all cases in equity ; fourth, of all crimes and misdemeanors. (3) Appellate jurisdiction in all cases civil and criminal, where an appeal, writ of error, or *supersedeas* may be allowed to the judgment or proceedings of any inferior tribunal. (4) Such other jurisdiction, whether supervisory, original, appellate, or concurrent, as is or may be prescribed by law.

The latter part of section 28, Art. VIII, Const. (Code. Ed. 1891, p. 43) is as follows:

"Appeals shall be allowed from judgments of justices of the peace in such manner as may be prescribed by law."

Chapter 50 of the Code (sections 163–175) regulates appeals in certain civil cases from the judgment of a justice, and section 163 reads as follows: "In all cases an appeal shall lie under the regulations herein prescribed from the judgment of a justice to the Circuit Court of the county when the amount in controversy on the trial before the justice exceeds fifteen dollars exclusive of interest and costs."

The constitution (section 12, Art. VIII.) leaves the appellate jurisdiction in all cases where an appeal, *etc.*, may be allowed by law to the judgment of the justice, and no appeal is allowed by law in such cases except where the amount in controversy exceeds fifteen dollars. Now, the constitution plainly does not mean that the supervisory jurisdiction shall be an appellate jurisdiction, and the jurisdiction given in such case by writ of *certiorari* in section 2, c. 110 is plainly an appellate jurisdiction after a trial by jury before the justice, and hence is also limited to cases where the amount in controversy exceeds fifteen dollars; and so it has been held where the point was directly presented, and also the constitutionality of the limitation to fifteen dollars, as prescribed by section 2 of chapter 110 of the Code. *Fouse* v. *Vandervort*, 30 W. Va. 327–331 (4 S. E. Rep. 298); *Farnsworth* v. *Railroad Co.*, 28 W. Va. 815. Therefore the meaning of section 2 of chapter 110 is that the writ of *certiorari* shall not issue where the suit involves matters merely pecuniary, and the amount in controversy exclusive of interest and costs does not exceed fifteen dollars. See *Love* v. *Pickens*, 26 W. Va. 341; *Farnsworth* v. *Railroad Co.*, 28 W. Va. 815, 816.

With this reading of the statute—evidently the correct one giving the meaning intended—it does not trench upon the original supervisory jurisdiction by *certiorari* conferred upon the Circuit Court by the constitution. Upon the remedy by the common-law writ of *certiorari*, and as modified by the various early English statutes, see 2 Fitzh. Nat. Brev. 242; 2 Com. Dig. 310; 2 Bac. Abr. 162; 1 Tidd.

Pr. 399; 4 Hammond's Bl. Comm. 321, note 31.    Upon the
remedy as modified by recent English statute, See *Crepps* v.
*Durden*, 2 Smith, Lead. Cas. (9th Amer. from 9th Eng. Ed.)
979, 986.

Upon the subject generally, but especially upon the writ
as used in the various states—first, as the mode of super-
vising and controlling the judicial and *quasi* judicial pro-
ceedings of inferior tribunals; second, as a writ of review
on *quasi* appeal—see 3 Amer. & Eng. Enc. Law, 60; Harris,
*Certiorari,* § 4 *et seq.;* 2 Spel. Extr. Relief, p. 1560 *et seq.;*
*Duggen* v. *McGruder,* Walk. (Miss.) 112; *State ex rel.*
*Matranga* v. *Judge,* 42 La. Ann. 1098 (8 South Rep. 277); 4
Minor, Inst. p't 1, top page 329.    Upon the law and prac-
tice in this state see the cases generally, especially the case
of *Poe* v. *Machine Works,* 24 W. Va. 517, our leading case
on the subject; also, 2. Bart. Law Pr. (2 Ed.) § 296.

In *Farnsworth* v. *Railroad Co,* 28 W. Va. 615, and *Fouse*
v. *Vandervort,* 30 W. Va. 327 (4 S. E. Rep. 298) the distinc-
tion between the common-law writ used as a remedy by
original supervisory jurisdiction and the writ of review, as
a *quasi* appeal, provided by chapter 110 of the Code (Ed.
1891) is clearly pointed out.    I am not sure but that the
writ of appeal and review by *certiorari* is given as a matter
of right by the present statute, or is required to be given
by the constitution, which would put it more closely in
harmony with chapter 50 of the Code of the justice, but
this is only thrown out as a suggestion.

I take it for granted therefore for the purpose of this case,
that this supervisory jurisdiction of the Circuit Court in
cases involving matters not merely pecuniary does not de-
pend on the amount, except perhaps where the maxim *de*
*minimus* might apply, or some other appropriate remedy
come in.    If the justice refused to act at all, where his duty
as justice required him to act, the Circuit Court would
compel action by *mandamus;* if he were usurping power or
abusing or exceeding his legitimate powers, the Circuit
Court would forbid and prohibit the justice by prohibition;
or if such action had passed into judgment or final order,
the Circuit Court would supervise and control it by *certiorari,*
and undo and set right what had been done amiss, but not,

in the latter case, if the judgment of the justice could be reviewed by appeal, writ of error, or in some other law-appointed manner.

So that the only question in this case is: did the justice usurp and abuse power, when he had no jurisdiction of the subject-matter in controversy or of the person, or having such jurisdiction did he exceed his legitimate powers? If that or some other action on his part falling properly into the same category, such as fraud, did not exist, then it was not a case for the Circuit Court to exercise its supervisory jurisdiction in, but a case of damage or loss without injury to any legal right.

The suit was brought by plaintiff on the following account: "The West Va. C. & P. R. R. Co. 1890. To the killing of one steer, of the value of $14.00." The defendant was summoned, appeared before the justice, and, on the trial, put in its evidence. The evidence is all certified by the justice and made part of his record, removed and sent up.

Plaintiff's evidence was: She had bought the steer nine months before the killing, had paid six dollars for it with her own money, and she did not get it of her husband; that she had a separate estate, which at that time embraced all the cattle on the place. The steer was killed. Defendant's train killed it. The engineer could have seen the steer one hundred yards either way. There was no controversy about the value of the steer or the killing of it; but was the company guilty of negligence?

On behalf of the defendant, the engineer testified: At the time and place mentioned, nine or ten o'clock at night, he was running engine No. 1 (without any train) which had been at the shops, going at speed of eighteen or twenty miles an hour. It was dark. Had headlight. Saw lot of cattle. Applied air brakes. After he had passed the cattle, he saw this steer lying in the ditch on the right, forty or fifty yards ahead of the engine. He was looking his best. Could not have seen the steer sooner. Already had the air brakes on. Could not have stopped under seventy five yards running as he was. Had been in the business three years.

Thus, the company seems to have made a strong case in defence; but the justice had jurisdiction of the subject-matter in general and in this instance of defendant. There was no usurpation or abuse of power or excess of his legitimate powers; only an error or mistake of judgment as to the weight of evidence at the most. There was no want of jurisdiction—no defect of jurisdiction. The most that can be said is that he exercised such jurisdiction wrongly, and, if that would be sufficient, it would be in effect substituting the Circuit Court for the justice, to whom the law has committed the right and duty of trying the case.

One of the modes of proving negligence in killing stock is to show, that it would not have occurred, if reasonable and proper watchfullness had been observed; so that however slight it can not be said to be wholly without evidence on that essential point; so that it is only a case of the exercise of a conceded jurisdiction wrongly, and comes within the rule laid down in *Meeks* v. *Windon*, 10 W. Va. 180, and cited with approval in *Poe* v. *Machine Works*, 24 W. Va. 517, 521: "Although it may be possible that the merits of the case have been erroneously decided, the writ of *certiorari* can not be made a substitute for the inhibited appeal, writ of error, or *supersedeas*, to review the case upon its merits."

We are referred to *Dryden* v. *Swinburne*, 20 W. Va. 89. That was a contest for the office of clerk. It was the only remedy by which the proceedings of the County Court in such cases could be supervised and controlled, as no writ of error or *supersedeas* would lie in such cases, and having unquestioned supervisory jurisdiction the court may review and correct the errors of law in their proceedings, as well as errors on question of jurisdiction.

So in this case, if the justice had usurped jurisdiction when he had none of the subject-matter in controversy, or having such jurisdiction had exceeded his legitimate powers, so as to call for and justify the supervision and control of the Circuit Court, then the argument of counsel based on the ruling in *Dryden* v. *Swinburne* might apply; but as we have already seen, the facts of this case do not bring it within the supervision and control of the

Circuit Court within the meaning of section 12 of Article VIII of the constitution, and for that reason the writ was properly dismissed.   Judgment affirmed.