# CHARLESTON.

## CUSHWA *v.* LAMAR.

Submitted June 18, 1898—Decided November 26, 1898.

1. SUPREME COURT OF APPEALS—*Jurisdiction—Municipal Council —Certiorari.*

    This Court has appellate jurisdiction in all cases of *certiorari* awarded by the circuit court in review of matters and proceedings pending before or determined by a municipal council. (p. 328).

2. RETURN—*Certiorari—Waiver.*

    Before hearing a case, matter, or proceeding removed by *certiorari* from an inferior tribunal the circuit court should require

a formal legal return thereto to be made by the officers to whom the same is directed, unless such return is waived by the parties to such case, matter, or proceeding.   (p. 330).

3.   RECORD—*Evidence—Bill of Exceptions—Review on Appeal.*

Evidence of witnesses heard by such inferior tribunal is not part of the record, unless made so by a proper order or bill of exceptions showing such evidence duly certified and authenticated. .Where such is not the case, the circuit court cannot review the action of the inferior tribunal on its merits.   (p. 331).

4.   CONTESTED ELECTION—*Municipal Office—Notice of Contest.*

A notice of contest as to a municipal office which shows that the contestant was the opposing candidate for such office is not fatally defective in not showing that the contestant had the requisite statutory qualifications.   The statute relating to contests for county and district offices makes this a matter of defense on the part of the contestee.   (p. 332).

Error to Circuit Court, Berkeley County.

Contested election between Harry S. Cushwa and Charles M. Lamar.   From a judgment for plaintiff, defendant brings error.

*Reversed.*

FLICK, WESTENHAVER & BAKER and FAULKNER & WALKER, for plaintiff in error.

U. S. G. PITZER and H. H. EMMERT, for defendant in error.

DENT, JUDGE:

On a writ of error to the judgment of the Circuit Circuit of Berkeley County in favor of Harry S. Cushwa against Charles M. Lamar, in a contested election case removed from the council of the town of Martinsburg by a writ of *certiorari*, the jurisdiction of this Court is objected to by the defendant.

There are two distinct classes of cases in which, according to the statutes of this State, *certiorari* is the proper remedy: (1) All that class of cases in which the writ was proper at common law; (2) civil cases wherein the writ is made a substitute for the writ of error.   In the latter class this Court has no jurisdiction unless the amount in controversy exceed one hundred dollars, while in the former class jurisdiction is general, without regard to the amount

in controversy, by express provision of the Constitution, as amended in 1879, after the decision of the case of *Dryden* v. *Swinburn*, 15 W. Va., 234, was rendered. The law has been so settled by the holdings of this Court in the cases of *Cunningham* v. *Squires*, 2 W. Va., 422; *Dryden* v. *Swinburn*, 15 W. Va., 234; *Board* v. *Hopkins*, 19 W. Va., 84; *Farnsworth* v. *Railroad Co.*, 28 W. Va., 815, *Wilson* v. *Railroad Co.*, 38 W. Va., 212, (18 S. E. 577); *Town of Davis* v. *Davis*, 40 W. Va., 464, (21 S. E. 906). At common law *certiorari* was the proper remedy for reviewing contested election cases and other proceedings before municipal councils. 4 Enc. Pl. & Prac., 17. The statute is merely declarative of the common law, enlarging the writ, and substituting it generally for the writ of *quo warranto*, in similar cases. 1 Dill. Mun. Corp. § 202. Such being the nature of the writ, this Court has jurisdiction by writ of error to review the judgment of the circuit court.

The writ of *certiorari* awarded in this case on the petition of Charles M. Lamar was "directed to W. T. Henshaw, mayor, Stapleton C. Proctor, C. C. Lemem, Harry S. Cushwa, W. H. Wilen, G. D. Roberts, James Larkins, E. V. Little, John Foley, C. Wesley Mann, and John Stunkle, members of said board of canvassers and common council of the corporation of Martinsburg, commanding them to certify in return to the judge of the circuit court of Berkeley County, West Virginia, at the court house thereof, on the 13th day of July, 1897, at 10 o'clock A. M., under the official seal or signature of the corportion, a complete record of all orders and proceedings held before them in reference to the count and the declaration of the result of the election for councilman in the Second ward of said corporation, which election was held on the 24th day of May, 1897, together with the sealed ballots which they either counted or refused to count, as set forth in said petition, and also described in the notice and counter notice of contest, together with the sealed packages of ballots, cast and voted at said Second ward, and the poll books and returns from said precinct, with all proper and authenticated evidence heard at the trial of said contest." A careful search of the record reveals no return to this writ. On the bottom of page 17 is the following state-

ment, presumably made by the clerk of the circuit court as a heading, but which cannot be considered as part of the record: "The following is a copy of all the papers and documents returned by the common council as the orders and proceedings held before the common council of the corporation of Martinsburg, acting both in the capacity of a canvassing board of the returns of the election for councilman of the Second ward of Martinsburg, held on the 24th day of May, 1897, and as a common council of said town, together with copies of the ballots either counted or refused to be counted by them, and a copy of the evidence heard at trial of the said contest." This is not signed by anybody, and is not an order of the court, and at most it can not be considered other than a mere certificate of the clerk. After it follows certain ballots; then the written evidence of certain witnesses, not authenticated in any manner, or by any person; then various orders and copies of proceedings of the council authenticated separately by the mayor and seal of the corporation. There is no connected record of the proceedings of the council, either filed with the petition or returned by the council or its officers, but a number of fragmentary papers thus appear in the record which the clerk of the circuit court certifies as aforesaid to be "papers and documents returned by the common council as the orders and proceedings held before the common council of the corporation of Martinsburg." On the 1st day of July, 1897, the court, in issuing a rule against the contestant, Harry S. Cushwa, made the following recital in its order: "The mayor and common council of the corporation of Martinsburg, in compliance with the order of *certiorari* entered by the court on the 1st day of July, 1897, made return of all the evidence and other papers and of their proceedings in the above-entitled cause." And on the 2d day of August, 1897, the court entered the following order: "This day came the parties by their attorneys, and it appearing to the court that the paper alleged to be evidence taken before the common council and placed in the hands of the clerk of this court on July 9th, 1897, by the clerk of the corporation of Martinsburg, has not been filed as a part of the return of the common council of the corporation of Martinsburg, in compliance with the order of the

1st day of July, 1897, it is ordered that the clerk of the court do mark the paper alleged to be evidence so produced, filed as of the 9th day of July, 1897." To these unauthenticated ballots and evidence being thus made and considered as part of the record the contestant objected, but the circuit court overruled his objection, and gave judgment against him. From this it appears that the only return made to the *certiorari* was that the clerk of the corporation made copies of certain proceedings of the council with the seal of the town and signature of the mayor attached, and then, together with the other papers mentioned, handed them to the clerk of the circuit court as a return to the *certiorari* and no written return properly authenticated and of sufficient legal formality was ever made or required by the circuit court. Herein all the confusion has arisen in this case. The circuit court, instead of requiring the record to be made up and returned by the lower tribunal, attempts to do so itself out of fragmentary papers handed to its clerk. The return should have been in writing, signed and sealed by the corporate authorities, containing a complete record of the contest so far as it appeared in the records of the council, and it should have contained a statement to the effect that all of the proceedings relative to the matters referred to in the writ were returned. 4 Enc. Pl. & Prac., 216, 217. In the case of *State* v. *St. John*, 47 Minn., 315, (50 N. W. 200), it was held: "Fragmentary and disordered sheets containing what may have possibly been evidence on the trial, but which are not certified to as such," will not be considered. The case of *Perryman* v. *Burgster*, 6 Port., 99, held: "A paper purporting to be a transcript, as a return to a *certiorari*, should not be received unless it be certified by the justice and return with the writ." "The return should not contain papers, proceedings, or affidavits which do not constitute a part of the record." If it does they will be regarded as surplusage, or be stricken out. 4 Enc. Pl. & Prac., 219. No proper return having been made to the writ, the circuit court should not have considered the case until one was made. This it had the right to require.

But could such return be now made which would be sufficient to authorize the circuit court to hear the

case on its merits? It appears from the transcript of the council's proceedings that the evidence was not made a part of the record by a proper bill of exceptions. There is presented in the record a lengthy paper purporting to be the testimony of certain witnesses examined before the council during the contest, but these are not made a part of the council's proceedings, nor signed or certified by any one, nor authenticated in any manner, except that the circuit court directs its clerk by its order of the 2d of August, 1897, to mark them as filed as of the 9th day of July, 1897. In the case of *Bee* v. *Seaman*, 36 W. Va., 381, (15 S. E. 173), this Court held that the record must be certified as it was at the time the writ was served. "It is then too late to make contemplated or intended certificates of fact and bills of exception part of such record, but it must be sent up as it is, without increase or diminution." If the lower tribunal cannot add to or take from its record after the writ issues, neither can the circuit court, by receiving and considering papers which are no part of such record. From this it clearly follows that the return can never be made or amended so as to give the circuit court jurisdiction to hear the case on its merits, for the reason that proper bills of exception, making the evidence and other papers parts of the record, were not prepared and properly authenticated. While a legal return was not made, it seems to be admitted on the part of the contestant that the notice and counter notice of contest and transcripts of the proceedings of the council are in the record properly. This requires this Court to pass on the sufficiency of the notice of contest. The objection thereto is that it does not show that the contestant was legally eligible to the office, if elected, and, as this is a mere question as to the number of votes received by each candidate, that, notwithstanding the contestee received a less number of votes, yet, so far as the notice shows, he would still be entitled to the office. Judge Green, in the case of *Dryden* v. *Swinburn*, 15 W. Va., 234, and Judge Snyder, in the case of *Halstead* v. *Rader*, 27 W. Va., 806, both intimate that in a contest of this character the notice should show that the contestant, if successful, is entitled to the office. In what manner, or to what extent, neither of the judges show, but

leave it to be inferred that the statutory qualifications necessary to entitle the contestant to hold the office should be explicitly set forth. Turning to McCrary on Elections (section 431), we find the law stated to be, as a general rule, "that statutes provided for contesting elections are to be liberally construed, to the end that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections;" and in section 434, "where the statute provides that the election of a public officer may be contested by 'any candidate or elector,' the person instituting such contest must aver that he is an elector, or he was a candidate for the office in question." In Paine on Elections (section 829) the law is stated to be: "It is not necessary to aver in a complaint or notice of contest that the relator or contestant possessed the requisite qualifications for the office. That is to be presumed until the contrary is averred and proved by the defendant." *People* v. *Ryder*, 16 Barb., 370. In 6 Am. & Eng. Enc. Law, 405, the law is said to be, "The statement of contestant's right to make the contest should appear, but it is not necessary to state that he was eligible where the notice shows he was a candidate, although this might be required in an information," referring to *Ledbetter* v. *Hall*, 62 Mo., 422, and *Rounds* v. *Smart*, 71 Me., 380. These decisions are to the effect that, unless the statute so requires, it is not necessary for the notice to contain averments of the contestant's eligibility to the office.

There is no statutory provision directing how contests for municipal offices shall be carried on, this probably being left for the council of the municipality to provide by ordinance. In the absence of other provision, the law regulating contests for county and district offices was followed, which is section 1, chapter 6, Code 1891: "A person intending to contest the election of another to any county or district office shall, within ten days after the result of the election is declared, give him notice in writing of such intention and a list of the votes he will dispute, with the objections to each, and of the votes rejected for which he will contend. If the contestant object to the legality of the election or the qualification of the person re-

turned as elected, the notice shall set forth the facts on which such objection is founded. The person whose election is so contested shall within ten days after receiving such notice deliver to the contestant a like list of the votes he will dispute, with his objections to each, and of the rejected votes for which he will contend, and if he has any objection to the qualification of the contestant, he shall specify in writing the facts on which the objection is founded." This statute undoubtedly recognizes the presumption of law that the contestant, being a candidate, is eligible to the office for which he contests, and throws on the contestee the burden of both alleging and proving his disqualification. This is undoubtedly consonant with reason, for it is not to be presumed that a disqualified person would be a candidate for an office which he could not hold if elected. And therefore the burden is placed on the contestee relying on such disqualification to allege and prove the same, thus simplifying election contests in furtherance of public interest, and narrowing them to the real question of importance or dispute between the parties thereto. Having reached the conclusion that no proper return was ever made to the writ of *certiorari*, that such return could not now be made so as to allow a review of the contest proceedings on its merits for want of proper bills of exception, and that the notice of contest, with affidavit thereto, is sufficient in form and substance, the judgment of the circuit court must be reversed, and the *certiorari* dismissed as improvidently awarded.

*Reversed.*